### LYNCH v. PETERSON et al.

No. 11515—Opinion Filed May 15, 1923.

**1. Trial—Time for Trial—Making up Issues.**

Under section 582, Comp. Stats. 1921, a cause stands for trial when the issues are once made up by the filing of pleadings, or by the failure to file them, at any time more than ten days thereafter.

**2. Same—Effect of Change in Issues.**

When the issues have once been fully made up by the filing of pleadings, or by failure to file them, the provision of the statute mentioned in the foregoing paragraph has spent its force, and thereafter any change in the issues caused by the filing of new or amended pleadings, by leave of the court or consent of the parties, does not, by reason of said action, necessarily work a delay of the trial.

**3. Appeal and Error—Discretionary Rulings—Continuance.**

The granting, or refusing to grant, the continuance of a cause rests largely in the sound, judicial discretion of the court, and, in the absence of abuse of such discretion, the ruling of the trial court will not be disturbed here.

**4. Same.**

Where a continuance is sought on account of the absence of a party to the action, unless it clearly appears that the court abused its discretion in overruling motion for continuance, this court will not disturb the action of the lower court.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Dewey Lynch, nee Smith, against J. D. Peterson and R. J. Peterson. Judgment for defendants for costs, and plaintiff brings error. Affirmed.

A. C. Wadlington and B. C. Wadlington, for plaintiff in error.

King & Crawford and H. West, for defendants in error.

Opinion by THOMPSON, C. The parties will be hereinafter referred to as plaintiff and defendants, as they appeared in the lower court. Plaintiff commenced this ac-

tion in the district court of Pontotoc county, Okla., by filing her petition on the 20th day of April, 1918.    Defendant, J. D. Peterson, filed demurrer on the 11th day of May, 1918; demurrer overruled and defendant, J. D. Peterson, filed his answer on the 17th day of October, 1918.    On January 13, 1920, by permission of court, plaintiff filed reply out of time.    On the 14th day of January, 1920, defendant, R. J. Peterson, voluntarily appeared and filed his separate answer, and on the 19th day of January the case was called regularly for trial and the plaintiff filed motion for continuance, in substance, as follows:

That the issues of the case had not been made up ten days prior; that there was an answer filed in the cause on the 14th day of January, 1920, and prayed that the case be stricken from the trial docket; that plaintiff, Dewey Lynch, nee Smith, was sick and confined with a five months' old infant, and was unable to appear and prosecute the case; that it was material that she should be at the trial to make proof in the prosecution of the same; that plaintiff would be ready for trial of the cause next term, upon which the evidence of plaintiff's husband was taken.    In substance, he testified that his wife was ill; that she did not have any doctor; that she had taken calomel yesterday, that she was not in bed, was not able to attend court yesterday, and did not know whether she was today or not; that he did not know whether she would be able to attend court on Friday or not, and that he had one witness, who was in attendance in court; and the court, upon this showing, continued the case over until Friday, January 23, 1920, at one o'clock, over the objection of plaintiff that the pleadings had not been made up ten days before said date.

That thereafter, on the 23rd day of January, 1920, there was filed the following motion for continuance:

"Now comes the plaintiff by her husband, S. C. Lynch, and B. C. Wadlington, attorney for plaintiff, and moves the court to grant the plaintiff a continuance in this cause to the next term of this court for the following reason, to wit: That the plaintiff lives two miles southwest of Roff, Okla., and about 17 miles from Ada, Okla.; that the plaintiff has a five months infant, and that the weather has been and is now very bad, and the rain and snow has made the roads almost impassable from plaintiff's home to the railroad, and is now almost impassable; that the plaintiff has been and is now in delicate health, and that in the opinion of affiant it would be dangerous to attempt to bring the plaintiff through this weather; that the issues in this case has not been made up ten days before this date; that it is material for the plaintiff be at the trial of this case and assist in the prosecution of same; that this continuance is not made for delay, but that justice may be done and expects to be ready at the next setting of this court."

Defendant, R. J. Peterson, withdrew his answer filed on the 14th day of January, 1920, and entered a disclaimer, after which the court, having heard the motion for continuance, overruled the same, to which plaintiff excepted.    The defendant announced ready for trial and the plaintiff objected to going to trial and stood on her motion for continuance and refused to proceed in the trial of the cause.    A jury was impaneled and sworn and the defendant, J. D. Peterson, introduced his testimony and rested, and the jury returned its verdict under instructions of the court in favor of J. D. Peterson, and on the same day and date plaintiff filed motion for new trial which was overruled.

On the 23rd day of January, 1920, the court rendered judgment on the verdict of the jury that plaintiff take nothing by reason of this suit, and that defendants and both of them have judgment against the plaintiff for their costs expended, and plaintiff appeals.

The question presented for our consideration is, Did the court err in overruling motion for continuance on the grounds, first, that the pleadings and issues had not been made up full ten days before the trial; second, on account of the absence of the plaintiff, under the circumstances set forth in the affidavit for continuance.

The statute of our state, found at section 582, vol. 1 of the Comp. Stat. 1921, is as follows:

"Actions shall be triable at the first term of court, after or during which the issues therein, by the time fixed for pleading are, or shall have been made up.    When the issues are made up, or when the defendant has failed to plead within the time fixed, the cause shall be placed on the trial docket, and if it be a trial case shall stand for trial at such term ten days after the issues are made up, and shall, in case of default, stand for trial forthwith."

The plaintiff filed her petition on the 20th day of April, 1918, and defendant, J. D. Peterson, filed demurrer thereto on the 11th day of May, 1918, and after the same was overruled within the time grant-

ed by the court, filed his answer on the 17th day of October, 1918. The plaintiff had ten days thereafter to file her reply, and the cause could have been set for trial at the next term of court thereafter, under the time fixed for pleading by the statute. The plaintiff did not, however, file her reply until the 13th day of January, 1920, which was out of time and by permission of the court, over one year after the same was due. The plaintiff was in default and it was properly placed on the trial docket. The defendant, R. J. Peterson, filed his answer on the 14th day of January, 1920, but withdrew the same by permission of court and entered a disclaimer, and the case proceeded to trial on the 23rd day of January, 1920.

The Supreme Court of this state, in the case of King v. King, 42 Okla. 405, 141 Pac. 788, in construing our statute on this subject, held:

"When the issues are once made up, by the filing of pleadings, or by the failure to file them, the case is triable at any time more than ten days thereafter."

Again, in the case of Chicago, R. I. & P. Ry. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146, this court held that:

"A cause stands for trial whenever the issues have been made up for a period of ten days; and the subsequent filing of a motion by plaintiff directed to defendant's answer, but which is not filed within the time allowed for filing pleadings under the statute, does not revive the operation of the statute.

"When the issues have once been fully made up by the filing of pleadings, or by failure to file them, the provision of the statute has spent its force, and thereafter any change in the issues caused by the filing of new or amended pleadings by leave of court or consent of the parties does not, by reason of said section, necessarily work a delay of the trial."

And, again in the case of Swope et al. v. Burnham, 6 Okla. 736, 52 Pac. 924, this court held:

"The cause is triable whenever the case was, or should have been, under the time fixed for the filing of pleadings, at issue ten (10) days, whether that occurred more than ten days before the first day of the term, or within the ten days, or during the term, under neither the original nor the amended section, however, is the time when a case is triable determined by the filing of the last pleading, or in any way affected by the filing of amended pleadings."

This court in Railway v. Pitchford, supra, said:

"It is not the purpose of the statute nor the policy of the court to delay the trial of actions for a greater length of time than such as is provided for making up the issues and to enable the parties to prepare for trial."

Then, on the above authority, it is our opinion that the filing of the reply of plaintiff, by permisson of the court, out of time, and the filing of the answer of R. J. Peterson, which was by permission of the court withdrawn, and disclaimer filed by him, did not and could not postpone the time at which this action was triable and the trial court did not err in overruling plaintiff's motion for continuance upon this ground and holding that the case was triable on the date it was set upon the trial docket.

Upon the other grounds of the motion for continuance, on account of the absence of the plaintiff, the Supreme Court of this state has held repeatedly:

"The granting or refusing to grant a continuance of a cause rests largely in the sound judicial discretion of the trial court, and, in the absence of abuse of such discretion, the ruling of the trial court will not be disturbed here." St. Louis & S. F. R. Co. v. Cox, 26 Okla. 331, 109 Pac. 511.

The first motion for continuance set up the fact that plaintiff was sick and unable to attend court, but the husband of plaintiff, who made the affidavit, was examined by the court and testified that she was not in bed, that she had no doctor, that he did not know whether she was able to come to court on the day the affidavit was presented, and did not know whether she would be able to come the following Friday, and that he had one witness who was present. The above examination of affiant was proper under authority of N. Randolph v. John Hudson, 12 Okla. 516, 74 Pac. 946, where the court permitted counter affidavits to be filed, where motion for continuance was contested.

In the motion for continuance, in the instant case, there is no doctor's certificate, either verified or unverified, nor any attempt made to set out any testimony expected to be produced, and this court has held that even where the continuance is sought on account of the absence of a party to the action, unless it clearly appears that the court abused its discretion in overruling motion for continuance, this court will not disturb the action of the lower court. N. S. Sherman Machine & Iron Works v. R. D. Cole Mfg. Co., 51 Okla. 353, 151 Pac. 1181.

This court has further held:

"Continuance of causes are not favored by the courts, and, when granted, the grounds

must be such that the trial court may clearly see that a postponement of the case will result in the furtherance of justice. Such applications are addressed to the sound discretion of the court, and will not be reversed, unless an abuse of discretion plainly appears." Jennings Co. v. Dyer et al., 41 Okla. 468, 139 Pac. 250.

We do not think, measured by the standard established by this court, that there was a sufficient showing to entitle this court to find that the trial court was guilty of abuse of sound judicial discretion in overruling the motion for continuance.

We think that the court, upon the showing made, in postponing the trial from the 19th day of January until the 23rd., so as to give plaintiff time and opportunity to be present at the trial, was very liberal, and, in view of the fact that this cause had been on the docket for a period of nearly two years, with the issues having been, or should have been, made up for over one year, it was not error for the court to overrule the motion for continuance and proceed with the trial of the cause and pronounce the judgment upon the verdict of the jury in this case.

Upon the authority of the statute and decisions cited, no reversible error was committed by the district court in this cause.

The judgment of the trial court is, therefore, affirmed.

By the Court: It is so ordered.