## HARRIS v. RICH.

No. 14799—Opinion Filed Oct. 21, 1924.

**1. Libel and Slander—Action for Slander —Malice—Pleading and Proof.**

In an action for slander, in order that damages may be recovered, malice must be alleged and proved; when the communication is not privileged, malice may be presumed, but when the communication is privileged, even though it be but a qualified privilege, there is no presumption of malice, and in order to recover the plaintiff must prove actual malice or malice in fact.

Whether a communication is privileged is for the court to determine, leaving it for the jury to determine whether it is malicious so as to abuse the privilege.

**2. Trial—Instructions—Refusal of Requests —Repetitions.**

It is not error to refuse to give requested instructions which so far as pertinent to the issues tendered are given substantially by the court in another form.

**3. Torts—Willful Acts as "Malicious."**

In a legal sense, any unlawful act done willfully to the injury of another is, as against that person, malicious; and it is not necessary that the perpetrator of such act should be influenced by ill will towards such person or that he should entertain or pursue any general bad design.

**4. Judgment Sustained.**

Evidence examined, and held to sustain the verdict.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by Ralph Rich. a minor. by R. D. Rich, his father and next friend, against J. B. Harris. From judgment in favor of plaintiff, defendant brings error. Affirmed.

A. J. Carlton and F. H. Reily, for plaintiff in error.

G. C. Abernathy and Edward Howell, for defendant in error.

Opinion by PINKHAM, C. This action was instituted in the superior court of Pottawatomie county by Ralph Rich, a minor, by R. D. Rich, his father and next friend. against J. B. Harris, as defendant, for slander.

In the petition it is alleged that:

"On or about the 31st day of May. 1922, the defendant did maliciously speak and publish to W. A. Hancock, W. H. Merritt, and C. G. Snelling, certain malicious scandalous, and defamatory words, to-wit: 'that Ralph Rich (meaning this plaintiff) robbed me (meaning J. B. Harris' store) of $35 or $40 while I (meaning the defendant, Harris) was at home during the noon hour'"; and that defendant stated to C. G. Snelling "I am so certain Ralph Rich took my money that if some one else would walk up and say that he took it I would not believe it."

It was further alleged in the petition that thereafter at divers and various times the defendant continued to make such false and malicious statements to various persons to the plaintiff unknown; that said words and statements were false, malicious, and slanderous, and that plaintiff has been damaged thereby in the sum of $10,000.

The defendant, in his answer, admits that he spoke the words alleged in the petition to the persons alleged but alleges that he spoke said words without malice or intent to injure the plaintiff, in an honest effort to be advised in the matter, honestly believing that the plaintiff did steal defendant's money, but that defendant at no time cherished any malice or ill will towards plaintiff, and that such statements were made in an honest effort to ascertain who stole said money, and to the end that the defendant deemed that it was his duty not only to protect himself from such depredations, but that it was a duty that defendant owed to society.

Upon these issues the case proceeded to trial before the court and jury, and a verdict was rendered in favor of the plaintiff for the sum of $750 against the defendant. Motion for a new trial by the defendant was overruled, and judgment rendered in accordance with the verdict.

For reversal of the judgment the defendant assigns as error:

"First, the court erred in refusing to give instructions 1 and 2 requested by the defendant; second, the court erred in giving instructions 4, 9, and 10; third, the court erred in refusing the offer of evidence for and on behalf of defendant."

It is contended by counsel for defendant in his brief that a careful examination of the instructions given by the court will show that the doctrine of qualified privilege was not defined by the court to the jury.

The argument is that the court should have instructed the jury that if they believed from the evidence that the defendant spoke the defamatory words as charged in the petition in the bona fide belief that the charges therein contained were true such would constitute a defense; that in none of the instructions given by the court was the theory of the defense covered as requested by the instructions 1 and 2 offered by the defendant.

The court charged the jury that the publication or communication in this case was not privileged, and that malice is presumed from the fact of making the accusation unless the fact and the testimony rebut the same, and the jury was instructed that the burden was upon the defendant to prove that the fact and the testimony rebut malice.

Section 498, Comp. Stat. 1921. provides:

"In all civil actions to recover damages for libel or slander, it shall be sufficient to state generally what the defamatory matter was and that it was published or spoken of the plaintiff, and to allege any general or special damage caused thereby and the plaintiff to recover shall only be held to prove that the matter was published or spoken by the defendant concerning the plaintiff. As a defense thereto the defendant may deny and offer evidence to disprove the charges made or he may prove that the matter charged as defamatory was true and in addition thereto that it was published or spoken under such circumstances as to render it a privileged communication."

The defendant in this case did not deny or offer evidence to disprove the charges made. Neither did he attempt to prove that the matter charged as defamatory was true. The defense was based upon the doctrine of qualified privilege.

A communication to be so privileged, must be made upon a proper occasion, from a proper motive, and must be based upon reasonable or proper cause.

That doctrine has been recognized and established in this jurisdiction. German-American Ins. Co. v. Huntley, 62 Okla. 39, 161 Pac. 815.

In the case cited it is said in the opinion:

"Thus it would seem that when plaintiff established that the defamatory matter was published by defendant concerning him he had satisfied the requirements of the statute and was entitled to recover unless defendant in addition to the circumstances of the publication (the fact) offered testimony showing that the criminatory charge was based upon reasonable cause and bona fide believed to be true, for without such testimony the presumption of malice was not rebutted."

It is contended by defendant that the rule announced in the case cited was not applied in the instant case.

This contention cannot be sustained. The court instructed the jury as laid down in the above case, that malice shall be presumed from the publication unless the testimony rebuts it.

In all cases of defamation, whether oral or written, 'malice is an essential ingredient and must be averred. But when averred and the language, verbal or written, is proved, the law will infer malice until the proof, in the event of denial, be overthrown, or the language itself satisfactorily explained." Dillard v. Collins, 25 Gratt. (Va.) 343.

See, also, Newell on Slander and Libel (3rd Ed.) 402, section 401.

In another instruction the court instruct-

ed the jury that an injurious publication is presumed to have been malicious if no justifiable motive for making it is shown; and in a further instruction the court instructed the jury that where the defendant proved that he was not actuated by malice the plaintiff could not recover.

We conclude from an examination of the instructions of the court in the instant case that the court specifically submitted to the jury the defense of qualified privilege. In other words, as stated in the Huntley Case, supra, cited by the defendant, the court instructed the jury that where the circumstances and the testimony rebut the presumption of malice, then the burden is upon the plaintiff to show express malice in order to recover.

We think the instructions of the court with reference to the question of qualified privilege clearly covered the instructions requested by the defendant.

Although requested instructions may correctly state the law, yet if the law applicable to the issues involved in the case is fairly and substantially given by the court in its charges a judgment will not be reversed because of the refusal to give such requested instructions. Muskogee Electric Traction Co. v. Ellison, 92 Okla. 200, 218 Pac. 829.

Whether the facts which give the publication the privileged character claimed for it are established by the evidence is a question for the jury. 25 Cyc. 547; Switzer v. American Ry. Express Co. (S. C.) 112 S. E. 770, 26 A. L. R. 822.

A further assignment of error is that the court erred in refusing the offer of evidence for and on behalf of the defendant.

It is contended that while the defendant was on the witness stand, his attorneys sought to prove by him that all conversations he had with the various parties named in the petition were made in good faith, believing them to be true, and for the purpose of recovering his money.

The record shows that the court did not exclude any evidence offered by the defendant as to the circumstances surrounding the transactions both before and after the defamatory words were spoken which would tend to prove or disprove any malice or good faith on the part of the defendant.

A wide latitude was given the defendant by the court to fully explain his motive and intention in charging the plaintiff with a crime.

It appears that the plaintiff went to the

store of defendant about noon, to make a small purchase. A traveling salesman was in the store at the time and the three parties, the plaintiff, the traveling salesman, and the defendant, went out of the store together; that at that time, according to the defendant's witness, there was $40 in his cash drawer. The defendant testified that he did not lock the store door as they went out but "pulled the door to"; that the door had a spring lock on it. He then testified that he went to his home near the store. It appears the traveling salesman departed in an automobile and the plaintiff proceeded to his home. The defendant testified that when he returned to his store after an absence of some 20 minutes he unlocked the door, and discovered that the $40 had been taken from the cash drawer. He further testified that he then informed the witness, Hancock, of his loss, and asked his advice as to what was best to do in this matter.

Mr. Hancock testified that he asked the plaintiff who had been in the store, and that plaintiff stated that he had changed a $20-bill for a man in the store; that he did not know this party; that he was a stranger and that perhaps he was the one who had taken the money; that he had tried to find him.

Mr. Hancock further testified that later the defedant told him that the plaintiff had stolen his money, and it clearly appears that the defendant repeatedly made this charge against the plaintiff to numerous persons.

We think there is ample proof of express malice in this case to justify and sustain the verdict. The record shows to our satisfaction that the defendant had no reasonable cause to believe that the plaintiff, a 12-year-old boy, was guilty of stealing his money; that he was repeatedly cautioned by his acquaintances and friends to whom he stated in unmistakable language that the plaintiff had committed a crime, that he ought to be more careful in the use of his language as it might cause him to get into trouble. His own testimony is that he answered his advisers by stating to them that he would tell everyone that came into his store that the plaintiff had stolen his money.

We fail to observe any evidence in the case that has any tendency to show a state of facts or circumstances that would justify the defendant in making this accusation, and particularly in the constant repetition of it.

In a legal sense, any unlawful act done wilfully to the injury of another, is, as against the person, malicious. and it is not necessary that the perpetrator of such act should be influenced by ill will towards such person, or that he should entertain or pursue any general bad design. Com. v. Snelling, 32 Mass. (15 Pick.) 337.

Upon the whole record we conclude the verdict of the jury is amply sustained by the evidence, and that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.