## MOORE v. MORRIS et al.

No. 13950—Opinion Filed March 17, 1925.

Rehearing Denied Feb. 23, 1926.

**1. Appeal and Error—Discretion of Lower Court—Continuance.**

The granting or refusing to grant a continuance rests largely in the sound judicial discretion of the trial court, and, in the absence of an abuse of such discretion, the ruling of the trial court will not be disturbed.

**2. Trial—Right of Plaintiff to Instructed Verdict.**

Where the evidence on behalf of the plaintiff is sufficient to prove his cause of action and there is no evidence offered on the part of the defendant, it is not error for the trial court to instruct the jury to return a verdict for the plaintiff.

**3. Mechanics' Liens — Serving Notice on Owner—Application of Statute.**

The provisions of section 7463, Comp. Stat. 1921, requiring the "serving of a notice in writing of the filing of such lien upon the owner of the land or improvements, or both,"

has reference only to liens claimed through a subcontractor.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Okuskee County; John L. Norman, Judge.

Action by S. A. Morris against J. W. Moore and Jess Sartain. From judgment against defendant J. W. Moore, he appeals. Affirmed.

E. T. Noble and S. L. O'Bannon, for plaintiff in error.

E. Huser and Martin L. Frerichs, for defendants in error.

Opinion by DICKSON, C. The parties will be referred to in this opinion as plaintiff and defendants, as they were designated in the trial court.

On the 26th day of July, 1921, the plaintiff, S. A. Morris, commenced an action in the district court of Okfuskee county against J. W. Moore and Jess Sartain, defendants, on an itemized and verified account, for work and labor performed and materials furnished in the construction of a derrick and the drilling of an oil and gas well upon a tract of land in said county.

The plaintiff alleged in his petition that the indebtedness sued upon was a lien upon the defendant's interest in said tract of land and upon the machinery, derrick, casing, and other tools and supplies used in connection with the drilling of said well, and the plaintiff prayed judgment for $1,276, together with interest and an attorney fee of $150, and that the lien be foreclosed. Afterward John H. Rebold was made a party defendant.

On the 21st day of October, 1921, the defendant J. W. Moore filed his separate answer to the plaintiff's petition by which he admitted that he was the owner of an undivided three-fourths interest in the oil and gas leasehold estate on the property described in the plaintiff's petition. The defendant specifically denied the account sued on and the correctness thereof, and further denied that he entered into any contract with the plaintiff as alleged in the petition. The defendant, further answering, alleged that the lien claimed by the plaintiff was null and void as to him, for the reason that the same was not filed within the time prescribed by law, and that no notice of the filing of such lien was ever served upon said defendant. This answer was verified.

It appears that the case was dismissed as to the defendant John H. Rebold, and upon the trial a verdict was returned in favor of the defendant Jess Sartain, leaving the controversy to be determined here between the plaintiff, S. A. Morris, and the defendant J. W. Moore.

The case was regularly reached for trial in the district court on the 12th day of May, 1922. The defendant J. W. Moore appeared by attorney and filed an affidavit for a continuance, the first paragraph of which is as follows:

"L. S. O'Bannon, being first duly sworn, upon oath says: He is attorney for defendant, J. W. Moore, that said J. W. Moore is a nonresident of Okfuskee county, Oklahoma, and is absent therefrom and is absent from the state of Oklahoma; that said defendant is on a trip to Chicago, Illinois, where he has a very important business engagement; that said engagement was made for this time before said defendant had any knowledge or information of the setting of this case for trial at this date and is of such nature and importance, as this affiant is advised by said defendant and verily believes, that said defendant could not afford to fail to keep his said engagement."

Then follows a statement as to what the affiant believed the defendant would testify to, if present, and that the affiant believed said fact to be, and that he could not prove said fact by any other witness.

The court overruled the application for a continuance, and the defendant J. W. Moore excepted. A jury was thereupon empaneled, and the plaintiff introduced his evidence and rested, and the defendant J. W. Moore demurred to the evidence, which demurrer was overruled and said defendant J. W. Moore excepted and declined to introduce any evidence, and the court instructed the jury to return a verdict in favor of the plaintiff and against the defendant J. W. Moore, in the sum of $1,297.43, being the amount of principal and interest sued upon, and an attorney fee of $150, it being agreed between the parties that said sum of $150 was a reasonable attorney fee. The verdict was returned as directed and judgment entered accordingly. A motion for a new trial was timely filed and overruled, and the defendant J. W. Moore has perfected his appeal to this court and asks for a reversal upon the following alleged errors:

"The court erred in overruling defendant J. W. Moore's motion for continuance.

"The court erred in admitting incompetent, irrelevant and immaterial evidence and in refusing to admit competent, relevant and material evidence.

"The court erred in instructing the jury to render a verdict against defendant J. W. Moore."

Upon the first proposition the action of the trial court in granting or refusing a continuance is necessarily very largely discretionary and the case will not be reversed on account of such ruling, unless it is made to appear there was an abuse of discretion.

"While the absence of a party on whose behalf a continuance is asked may be ground for postponing a trial, a stricter showing of good cause seems to be required in such a case than where a continuance is applied for on the ground of the absence of a mere witness." Ruling Case Law, vol. 6, page 551.

"The granting, or refusing to grant, the continuance of a cause rests largely in the sound, judicial discretion of the court, and in the absence of abuse of such discretion, the ruling of the trial court will not be disturbed here." Lynch v. Peterson et al., 91 Okla. 28, 215 Pac. 617.

In view of the fact that this case had been at issue for nearly six months before the date of trial and the character of the application for a continuance presented, we cannot say that the trial court abused its discretion in denying the motion for a continuance.

The uncontradicted evidence is that the services were rendered for the defendant J. W. Moore. The plaintiff testified that he was instructed to haul the coal by Mr. Moore through Mr. Sartain, and that he did the other work in connection with the contract under the direction of O. A. Carter. The witness Sharp testified that the defendant J. W. Moore told him that Carter was his foreman, and that Carter gave orders to the plaintiff with reference to the furnishing of the materials and the rendering of the services. The evidence further shows that several months before the suit was filed the plaintiff presented the itemized account sued upon to the defendant J. W. Moore and demanded payment; that the defendant J. W. Moore acknowledged that the account was correct, except as to an item of $388 for 97 cords of wood. It was proved that later the defendant in conversation with the witness Sharp admitted that the charge for wood was correct. The foregoing is the substance of the evidence introduced on the part of the plaintiff.

During the progress of the trial the court permitted the itemized statement sued upon to be introduced in evidence over the objection of the defendant. Assuming that this was error, we cannot perceive how the defendant was in any way prejudiced by it. The uncontradicted evidence being that the defendant had acknowledged the correctness of the account, and all of the items of the account having been proven by other evidence rendered the error in admitting the account. if it was error, harmless.

The court instructed the jury to return a verdict for the plaintiff for the amount sued for, together with interest and $150 attorney fee. It is manifest that if the court had submitted this case to a jury, and the jury should have returned a verdict for the defendant. or a verdict for any less sum, it would have been the duty of the court to set the verdict aside.

Where there is no conflict in the evidence, it is not error for the court to direct the verdict.

"Court may direct verdict where facts undisputed or of such conclusive character that court in sound judicial discretion would be compelled to set aside verdict returned in opposition to it." Sartain v. Walker et al., 60 Okla. 258, 150 Pac. 1096.

The defendant contends that the court erred in sustaining the lien for the reason that no notice in writing was served upon him, as provided by section 7463. This section has no application to the case presented here. The plaintiff did not base his lien upon his rights as a subcontractor, but alleged that his contract was made with the defendant himself.

The lien statement alleged that the contract was made with the defendant J. W. Moore and Jess Sartain. The proof shows that the defendant J. W. Moore was liable and that the defendant Jess Sartain was not. This lien was filed under provisions of section 7462, Comp. Stat. 1921, against the leasehold estate, and no notice is required in the provisions of this section. It is further contendeed that the lien was foreclosed upon certain machinery and materials on the leased premises in which the defendant J. W. Moore had no interest, but it is not pointed out, nor are we able to perceive how he could have been injured by this part of the judgment.

An examination of the entire record discloses no error prejudicial to the rights of the defendant, and we therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.

Note—See under (1) 4 C. J. p. 809, § 2780; 13 C. J. p. 123, § 4. (2) 38 Cyc. p. 1574. (3) 27 Cyc. p. 136 (1926 Anno).