**BLEW, Adm'r, v. CHICAGO, R. I. & P. R. CO. et al.**

No. 26281.   Sept. 15, 1936.

Rehearing Denied Oct. 13, 1936.

Chas. E. Wells and O. K. Winterringer, for plaintiff in error.

W. R. Bleakmore, John Barry, W. L. Farmer, and Robert E. Lee, for defendants in error.

CORN, J.   This action was instituted to recover damages because of the alleged wrongful death of George F. Wensauer, Jr., who was killed as a result of a collision between a truck, in which he was riding and a passenger train operated by defendant in error. The deceased was riding in the truck at the invitation of one G. L. Wright, and there was no evidence to indicate that Wright and the deceased were engaged in a joint enterprise; or that the deceased was anything other than a guest, at the time the accident occurred. In fact, the only affirmative defense pleaded by the defendants in this case was contributory negligence on the part of the deceased.

A verdict was returned in the trial court in favor of the defendant in error, upon which verdict judgment was rendered; and after motion for new trial was overruled, an appeal was duly perfected to this court by plaintiff in error.

There are numerous assignments of error in the petition in error filed herein, but all of those assignments of error have been abandoned by failure to brief or present the same, except those assignments of error which relate to the refusal of the trial court to give certain instructions requested by plaintiff in error; and the giving of certain instructions to which plaintiff in error excepted.

Under our view of this case, it is unnecessary to determine whether or not the trial court erred in refusing to give the instructions requested by plaintiff in error, for the reason that the matters referred to in those instructions are covered by the instructions given to the jury. It is settled in this jurisdiction that, although requested instructions may correctly state the law, yet if the law applicable to the issues involved in the case is fairly and substantially given by the court in its instructions, a judgment will not be reversed because of refusal to give requested instructions. Harris v. Rich, 104 Okla. 120, 229 P. 1080.

It is contended, however, that certain of the instructions given by the court in its charge to the jury were erroneous. The chief complaint of plaintiff in error, with reference to the instructions given to the jury, is directed at instruction No. 16. The court in this instruction advised the jury as follows:

"You are further instructed that, as a general rule, negligence, if any, on the part of the driver of an automobile while approaching a railway crossing is not imputed and applicable in all of its force to a passenger in the car, riding as such passenger, who has no right of control over the driver or his management of the car; but the question of whether or not such passenger was negligent and whether his negligence contributed to the injury must be determined by you according to all the facts and circumstances as disclosed from the evidence; and if you find from the evidence that George F. Wensauer at any time while he was yet in a place of safety realized, or by the exercise of ordinary care and caution could have realized.

that the truck in which he was riding was being driven upon a railroad track in front of an oncoming train, and that his safety was about to be imperiled or that the driver of the truck was not using due caution and care for the safety of himself and his passenger, then it became the duty of the plaintiff's decedent in such a case to warn the driver of the truck of any impending danger or to exercise such means to avoid injury to himself as an ordinarily prudent person would exercise under similar and like circumstances to avert or avoid injury to himself. It was as much the duty of the plaintiff's decedent to look and listen for an approaching train before permitting himself to be placed on such railroad track as it was the driver of the truck, and if he failed to do so, and such failure on his part was a contributing cause to his injury, then the plaintiff cannot recover in this action."

To the giving of the above instruction plaintiff in error excepted, and now contends:

"It was reversible error for the trial court in the first portion of instruction sixteen to instruct the jury that the negligence of the driver, if any, was not as a general rule to be applied and imputed in all its force to the deceased. The negligence, if any, of the driver, Wright, was not to be considered by the jury in any manner or degree whatsoever in determining whether the deceased was negligent. This erroneous instruction was very prejudicial to the plaintiff when the apparent negligence of the driver is considered, and prevented the plaintiff from having a fair and just trial.

"It was reversible error for the trial court in the second portion of instruction 16 to instruct the jury that the deceased should have exercised some means to avert and avoid injury and that a reasonable person would have exercised some means to avert or avoid injury, when the universal test of contributory negligence to be given a jury is whether the person in question exercised care considering the circumstances. It was for the jury in the present case to say whether the deceased exercised that degree of care, and not for the court to direct what an ordinary person would have done.

"It was reversible error for the trial court to direct the jury in the last portion of instruction 16, that it was as much the duty of the deceased to look and listen for an approaching train before permitting himself to be placed on the railroad track as it was the driver of the truck."

As reflected by the record the deceased was a young man 28 years of age in full possession of all of his senses, was sitting in the cab of the truck with the driver, and was on the side next to the approaching train. His view was clear. The evidence is conclusive that there was no existing excuse for the failure on the part of deceased to look and listen for the approach of this train and to warn the driver of the truck, or to exercise such means to avoid injury to himself as an ordinarily prudent person would exercise under similar or like circumstances to avert or avoid injury to himself. The record is conclusive to the effect that he even had a better opportunity to see the approaching train than the driver had, and the court's instructions to the jury placed no more duty upon him as a guest of the driver than was placed thereby the law.

On cross-examination the witness Wright testified:

"Q. Now, what kind of a cab or place to ride, did you have on the truck where you and Mr. Wensauer were riding? A. It was a factory-made cab; it was up, on the truck. Q. Well, what did you have in the way of glass on the sides or some substitute? A. I didn't have any glass but the glass was broken out. Q. Well, what did you have there? A. Well, I had a curtain up on the right-hand side. Q. That was on the side next to the train, when you turned? A. Yes, sir. Q. Well, that was—just where was that on your car; point out with reference to the place where glass would be in the side of the cab; where was this curtain; right over the hole? A. Well, when it was down, it was over the hole but it wasn't down, it was up."

It is seen from this testimony that no fact existed that in any way relieved the deceased of the duty which the law and the court's charge placed upon him, namely, the duty to look and listen for the approach of a train such as an ordinarily prudent person would do.

The court's instructions must be construed in connection with the evidence on the issues of this case. They cannot be construed in the abstract and without regard to the evidence in support of the issues. It is elementary that the court's instructions given to the jury in the trial of a case must be considered as a whole. Plaintiff in error does not attack said instructions as a whole. He simply singles out paragraph 16 of the court's charge and bases his whole attack and his whole effort to reverse this case upon that paragraph of the court's instructions. As this court has repeatedly said (citing Black v. Coleman, 142 Okla. 193, 285 P. 983):

"Instructions of the court should be considered as a whole and in their entirety, and no particular paragraph thereof should be singled out and given an interpretation

which some other paragraph shows was not intended to be placed upon it."

In Cushing Refining & Gasoline Co. v. Deshan, 149 Okla. 225, 300 P. 312, we find:

"All the instructions should be considered together. If when considered as a whole they state the law correctly, and without conflict, this is sufficient, even though one or more of them standing alone might be incomplete."

Also in the case of Missouri, Kansas & Texas Ry. Co. v. Zuber, 76 Okla. 146, 184 P. 452, this court said:

"Instructions must be considered together, and while an instruction standing alone may be subject to criticism, yet if the instructions when taken in their entirety fairly submit the issues to the jury, reversible error is not committed."

And in the case of Chicago, R. I. & P. Ry. Co. v. Owens, 78 Okla. 50, 186 P. 1092, this court held in the 7th paragraph of the syllabus:

"All of the instructions should be considered together and if, when considered as a whole, they state the law correctly and without conflict, it is sufficient, although one or more standing alone might be incomplete."

Counsel for plaintiff in error in his attack upon the court's instruction in this case fails to point out what duty the deceased, as a guest of the driver of the truck, did owe in approaching this railroad crossing. Apparently he takes the position that no duty rested upon him whatever. Certainly no one will contend that a guest of the driver of an automobile is simply in the class of freight or baggage. The law casts upon every person approaching a railroad crossing, whether he be a guest or a driver, the duty to use ordinary care not to get himself in a place of danger, such care as an ordinarily prudent person would use under the same conditions, being in the same position and under the same circumstances. That rule of law is fundamental and each case depends upon its own peculiar facts.

In the present case the question of whether the deceased as a guest of the driver of the truck was guilty of any contributory negligence was duly and fairly submitted to the jury under proper instructions as to his duty in approaching said crossing. Under the Oklahoma Constitution, section 6, art. 23, the defense of contributory negligence is in all cases a question of fact and shall at all times be left to the jury. It was left to the jury in this case. The court's instructions did not attempt to tell the jury that the deceased was guilty of contributory negligence. These instructions simply defined the rights and duties of all the parties to the action according to law, and upon the facts and circumstances of the case as a whole the jury applied the instructions in their entirety. In the case of Miller v. Union Pacific Ry. Co., 290 U. S. 227, that court said:

"Whether a passenger or guest in a public or private conveyance, having no control over its movement, may be denied a right of recovery for personal injury or death on the ground of contributory negligence, depends upon his own failure to exercise a proper degree of care, and not upon that of the driver."

The instructions in the case at bar are based squarely upon the above rule laid down by the Supreme Court of the United States. All cases on this subject hold that a mere guest in an automobile is bound to exercise ordinary care for his own safety, that is, to exercise such care as a prudent person situated under the same or similar circumstances as he was situated would have exercised, both as to his own conduct and as to any influence and control he had, or in the exercise of ordinary care could or should have had, over the conduct of the driver, together with all facts and circumstances in the case. That is the well-settled rule of law on this point.

The court's charge to the jury in this case as a whole is substantially correct. The cases cited by plaintiff in error are not in point.

The entire case was submitted to the jury on all of the issues that were raised by the pleadings and the evidence. It is not even contended by the plaintiff in error that the verdict is contrary to the evidence. In fact, the verdict is overwhelmingly supported by the evidence.

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, WELCH, PHELPS, and GIBSON, JJ., concur. BUSBY, J., absent.