LOGAN et al. v. JACOBS, Adm'r.

No. 30069.   Nov. 18, 1941.

*119 P. 2d 53.*

Pierce & Rucker and Fred Mock, all of Oklahoma City, and Hugh Sandlin, of Holdenville, for plaintiffs in error.

Anglin & Stevenson, O. S. Huser, and C. H. Baskin, all of Holdenville, for defendant in error.

CORN, V. C. J.   This is an appeal from a judgment of the district court of Hughes county in an action by the defendant in error for the wrongful death of Sherman Wallace, alleged to have been caused by the negligent operation of a car owned by T. W. Whitaker and driven by John A. Logan, the plaintiffs in error. A verdict in the sum

of $5,000 was returned for the defendant in error and judgment accordingly was rendered by the court, the reversal of which is sought by this appeal. For convenience the parties will be referred to herein as they appeared in the trial court.

The errors complained of are presented under three propositions which will be considered in the order presented:

(1) The trial court erred in refusing to grant a continuance of the cause.

The motion for the continuance was based upon the illness of T. W. Whitaker, one of the defendants, and was supported by the affidavits of two physicians, both of whom stated that he would not be able to attend trial for the next four to six months. It appears from the record that said defendant was a man of advanced age, being about 81 years of age, and was suffering from complicated diseases from which he did not recover. The testimony of this defendant, taken at a previous trial of the cause, was admitted in evidence and was read to the jury at this trial.

It is a well-established rule that the granting or refusing of a continuance is discretionary with the trial court, and will not be reversed except in cases of an abuse of discretion. Lynch v. Peterson, 91 Okla. 28, 215 P. 617.

Under the facts in this case we find no abuse of discretion. The testimony of the absent party at the former trial being admitted in evidence, and the other defendant in the case, Mr. John A. Logan, the driver of the car, being present in court to testify as a witness and to assist counsel in the trial of the case, and it appearing that the absent defendant would not be able to attend the trial of the cause within a reasonable time, if at all, we are of the opinion that no error was committed in refusing the continuance.

Such was the holding of this court in the case of Cohn v. Clark, 48 Okla. 500, 150 P. 467, wherein the motion for continuance was made upon the ground that the defendant was sick and unable to attend the trial. It appeared from the motion that the defendant had been sick in a distant state for about a year, and it was held that, in the absence of a showing that there was a probability of defendant being able to attend court in a reasonable time, it was not error to refuse the continuance.

(2) The trial court erred in submitting to the jury instruction No. 14.

It is contended that the instruction emphasized the plaintiff's side of the case, but stops short of a proper emphasis upon the defendants' defense. The instruction, if standing alone, would be objectionable upon the ground stated, but in view of the fact that other instructions were given that were sufficient in the statement of the defendants' theory of the case, we do not find any substantial error in the instructions as a whole.

In the case of Blew v. Chicago, R. I. & P. Ry. Co., 177 Okla. 553, 61 P. 2d 258, the rule is stated in the syllabus as follows:

"Instructions must be considered together, and while an instruction standing alone may be subject to criticism, yet if the instructions when taken in their entirety fairly submit the issues to the jury, reversible error is not committed."

(3) The trial court erred in refusing to grant a mistrial because of prejudicial remarks of plaintiff's counsel during the closing argument.

An examination of the record discloses that counsel on both sides of the case in their arguments to the jury indulged in oratory calculated to arouse sympathy for their respective clients. The stamp of approval is not placed upon such manner of presenting facts to a jury. But, where both parties are equally guilty, we are unable to say that the jury was influenced by either.

The judgment is affirmed, and judgment is rendered on the supersedeas bond.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. ARNOLD, J., absent.