REININGER v. PRICKETT.

No. 30858. May 18, 1943.

*137 P. 2d 595.*

Falkenstine & Fisher, of Watonga, for plaintiff in error.

E. S. Collier, of Taloga, and Theodore Graalman, of Watonga, for defendant in error.

GIBSON, V. C. J. Plaintiff below appeals from a judgment rendered against her on sustaining defendant's demurrer to her evidence in an action for slander.

Plaintiff pleaded and proved sufficient facts to establish the ordinary action for slander where malice may be presumed from the slanderous utterances. 12 O. S. 1941 § 303. This is not seriously denied.

But the main controversy here concerns the element of malice, and the burden of proof with respect thereto.

Defendant took the position that the alleged slanderous communications attributed to her were privileged, or qualifiedly privileged, and that in such case malice is not presumed but must be established by plaintiff. 12 O. S. 1941 § 1443.

In addition to a general denial, defendant interposed the defense of qualified privileged communication, alleging that the utterances attributed to her were made in connection with plaintiff's application to become a member of the local chapter of the Order of Eastern Star of which defendant was a member; that by such application plaintiff subjected her character and reputation to an investigation by the members of the chapter; that in making the remarks about plaintiff she was only repeating what others, not members of the order, had told her, and that she made the statements only to members, in good faith and believing that it was her duty to disclose to them what she had heard concerning plaintiff as a proposed member; that she had no desire to injure plaintiff, and that under the circumstances her communications were qualifiedly privileged.

Aside from defendant's actual intent in making the statements, plaintiff's evidence revealed the facts to be as set out in defendant's answer. The latter's remarks were made only to members of the order and were uttered in connection with plaintiff's application to become a member.

The trial court held as a matter of law that the utterances were qualified privileged communications, thus placing the burden on plaintiff to show malice, and that the evidence had failed in that respect. Harris v. Rich, 104 Okla. 120, 229 P. 1080.

Plaintiff says that since the statements were slanderous per se, and were false, malice was presumed (sec. 1443, supra), and that the court erred in holding that her own evidence showed them to be qualifiedly privileged so as to overcome the presumption of malice.

Where, as here, the circumstances under which the alleged slanderous statement was made are undisputed, the court must determine as a matter of law whether the communication was

qualifiedly privileged. Only where the circumstances are in dispute must the question be given to the jury. German-American Ins. Co. v. Huntley, 62 Okla. 39, 161 P. 815. The rule is there stated as follows:

"Where the circumstances under which the publication was made are undisputed, it is exclusively for the court to determine whether the occasion on which it was made, or the 'fact' and the testimony, render it either absolutely or qualifiedly privileged. Otherwise, it is a question of fact to be determined by the jury."

Plaintiff's evidence disclosed that the alleged slanderous communications were made only to members of the fraternal order to which defendant belonged and in which plaintiff sought membership. They were uttered in connection with plaintiff's application, and bore directly upon the question of plaintiff's personal qualifications as a suitable member.

The immediate question is whether, under the above facts, the court erred in holding that the communications were qualifiedly privileged.

According to the authorities to which our attention has been called, the utterances attributed to defendant constituted qualified privileged communications. In Newell's work on Slander and Libel (4th Ed.) § 436, the following statement appears:

"A communication by an officer of a fraternal insurance association to the members of the association, concerning a subject-matter which affects the general welfare of the association, is qualifiedly prvileged.

"So, also, are communications from members to committees of social or fraternal organizations investigating the character of applicants for membership; and to the society or lodge touching charges against a fellow member; and like communications made by one member to a fellow member. So a lodge member may inform other members of the bad character of one who is being inducted into the order, so long as he does not do so maliciously."

We therefore hold that the trial court did not err in its holding that the communications were qualifiedly privileged, casting on plaintiff the burden to establish malice on the part of defendant.

The next question is whether the trial court erred in holding that plaintiff's evidence failed to establish sufficient indication of malice to call for rebuttal on the part of defendant.

Section 1443, supra, provides, among other things, that "in all cases of publication of matter not privileged under this section, malice shall be presumed from the publication, unless the fact and the testimony rebut the same."

This court has heretofore said that the word "fact" was used in the above section in its ordinary sense to denote the act, the thing done, the circumstance, the publication itself. German-American Ins. Co. v. Huntley, supra.

Since the fact, the publication or communication itself, was qualifiedly privileged, there was no presumption of malice, and unless plaintiff's evidence was sufficient to prove actual malice or malice in fact, the court properly sustained the demurrer to her evidence. In Harris v. Rich, supra, we held that "when the communication is privileged, even though it be but a qualified privilege, there is no presumption of malice, and in order to recover the plaintiff must prove actual malice or malice in fact." To state the matter more concisely, where the communication is shown to be a qualifiedly privileged one that in itself rebuts or destroys the presumption of malice, the burden then rests on plaintiff to show express malice. The rule stated in German-American Ins. Co. v. Huntley, supra, governs in such case. It reads as follows:

"If the fact and the testimony rebut the presumption of malice, the burden then rests upon the plaintiff to show express malice in order to recover."

Here, plaintiff's evidence showed that the alleged objectionable utterances were qualified privileged communications. Thereupon she was faced with

the burden of showing express malice on defendant's part.

On thorough examination of the record we have failed to find sufficient evidence of express malice to establish a prima facie case. There was no occasion to require further rebuttal by defendant. Though the utterances may have been made by defendant more or less vehemently, and not without a show of persistence, there was nothing to indicate bad faith to the degree of actual malice on her part. The utterances were made only to members of the lodge by a member, and concerning one who was seeking to become a member. Though an application to join a secret fraternal order does not constitute a license or invitation to the members thereof to engage in slanderous intercommunications concerning the applicant, wide latitude is given them in repeating to each other the statements of others bearing upon the reputation of the applicant.

However, in such case it would seem the better policy for members to retain inviolate the uncomplimentary statements of a confidential nature made by fellow members concerning a prospective member, and to refrain from repeating to the latter the things thus brought to their ears.

Plaintiff charges error in the court's refusal to admit certain evidence.

At the trial one Clay Roper, an attorney, appeared as counsel for the Grand Chapter of the Eastern Star for the alleged purpose of safeguarding the interests of the lodge. His objections to certain testimony were sustained on the theory that the secret interests of the lodge might become endangered thereby. It was the refusal of this evidence that allegedly resulted in prejudice to plaintiff's cause.

It is asserted further that the evidence was not only admissible on the question of malice, but the court committed fundamental reversible error in permitting Roper to appear for one not a party to the action.

Defendant says Roper appeared pursuant to a pre-trial agreement between the parties and sanctioned by the court, but the record does not disclose the agreement.

However, at the commencement of the trial the court called the jury's attention to Roper's presence and advised them of the purposes of his appearance, in the following language:

"He is not interested in who prevails in this lawsuit, and any objection or anything he might say is not on behalf of either of the parties, because he is not interested in that, but he is only here to protect the interest of the lodge as a lawyer, and to try to help the attorneys on both sides and the court, that we do not infringe on the legal or moral rights of the lodge. I hope you will not feel like Mr. Roper is taking any interest, for or against either side."

Plaintiff made no objection to Roper's presence or to the admonition of the court. Roper's objections were directed only to those questions that would call for answers revealing secret internal matters of the lodge. While it may be that such matters are ordinarily not to be considered so sacred as to permit the obstruction of justice by their suppression in judicial proceedings, it appears that plaintiff, if she felt herself aggrieved, should have made some objection to Roper's appearance in the face of the court's statement above. Since his appearance was apparently suitable to the parties and to the court, we do not feel inclined to disturb their choice in the matter.

Plaintiff also charges error in sustaining objections to certain questions asked defendant while testifying as a witness for plaintiff.

The questions sought to bring out the extent of defendant's efforts to ascertain the truthfulness of the alleged slanderous reports on plaintiff.

We find no error in the procedure complained of. As a witness for plaintiff, defendant had previously stated that she repeated only what she had heard about plaintiff, and believed that

490

it was her right and duty to report the same to the members of the chapter. Plaintiff has cited no authority that would require the defendant in cases of this particular character to investigate into the truthfulness of such reports before repeating them; and we are aware of none. Defendant's failure in this respect would not indicate an evil motive springing from spite or ill will, nor culpable recklessness or willful and wanton disregard of the rights and interests of plaintiff sufficient to support an inference of express malice.

The judgment is affirmed.

CORN, C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.