**CHICAGO, R. I. & P. R. CO.**

v.

**COX.**

**No. 4702.**

United States Court of Appeals Tenth Circuit.

Dec. 30, 1953.

Leonard H. Savage, J. I. Gibson and Loyd Benefield, Oklahoma City, Okl., filed a brief for appellant.

William A. Kerr, Russell Farmer, Oklahoma City, Okl., Charles M. Wilson and Carl Rizley, Sayre, Okl., filed a brief for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

On April 11, 1952, at approximately 5:45 a. m. a Chevrolet one-and-one-half-ton truck being driven by Case Cox and in which Beckie Cox was riding as a passenger, collided with a switch engine of the Chicago, Rock Island and Pacific Railroad Company,[1] at a grade crossing where Seventh Street intersects the track of the Railroad Company in Sayre, Oklahoma, resulting in personal injuries to Case and Beckie Cox.

Case and Beckie Cox filed separate actions in a state court in Oklahoma and the Railroad Company duly removed the actions to the United States District Court for the Western District of Oklahoma. The actions were consolidated and tried to a jury. In the Case Cox action the verdict was for the Railroad Company. The jury returned a verdict in favor of Beckie Cox for $6,000. Judgment was entered thereon and the Railroad Company has appealed.

In her complaint Beckie Cox alleged that the Railroad Company was guilty of negligence in that its employees failed to give notice of the approach of the switch engine to the crossing by ringing the bell or sounding the whistle or by a watchman stationed at the crossing, failed to maintain a lookout as the switch engine approached the crossing and failed to have the headlight lighted on the switch engine; and in that the Railroad Company permitted the view of travelers approaching the crossing to be obstructed by heavy bushes and vegetation on the right of way and adjoining land.

---

1. Hereinafter called the Railroad Company.

In its answer to the complaint of Beckie Cox the Railroad Company pleaded that the proximate cause of the accident was the failure of Case Cox and Beckie Cox to maintain a proper lookout and to exercise ordinary care before proceeding over the crossing in the path of the approaching train; that Beckie Cox was guilty of contributory negligence in that she failed to maintain a proper lookout and failed to warn Case Cox of the approaching train.

On the morning of the accident the Coxes, traveling in the Chevrolet truck in Sayre, Oklahoma, entered Maple Street from Eleventh Street and traveled in an easterly direction along Maple Street until it ended at its intersection with Seventh Street. At Seventh Street they made an approximately right-hand turn to the south and traveled south on Seventh Street until they reached the point of the accident.

Maple Street, from Ninth Street to Seventh Street, runs approximately parallel to the tracks of the Railroad Company. However, the area between the railroad tracks and Maple Street, at Ninth Street, is about 300 feet in width and at Seventh Street about 50 feet in width. A one-story brick structure is located on the south side of Maple Street between Ninth Street and Seventh Street. From that structure south to Seventh Street, a distance of about 175 feet, the view of the railroad tracks is unobstructed from Maple Street and is unobstructed from the intersection of Maple Street and Seventh Street to the crossing, except by a row of lilac bushes that extend from Seventh Street toward the brick structure, along the north edge of the railroad right of way. Beckie Cox testified that the lilac bushes were six feet in height. Case Cox testified that they were from four feet to eight feet in height, being taller near Seventh Street. Another witness testified that the height of the lilac bushes varied from four feet to five and one-half feet. A passenger in the truck whose line of vision was five feet from the ground could have seen the upper six feet of the switch engine above the top of the lilac bushes, assuming the height of the lilac bushes was eight feet.

The Coxes testified that they did not hear either a bell or a whistle warning and that the headlight of the engine was not lighted as it approached the crossing.

Beckie Cox testified that about the time they reached the turn on Seventh Street, at the direction of her husband, she looked to see if a train was approaching the Seventh Street crossing from either direction; that after they made the turn and were approaching the Seventh Street crossing, she again, at the direction of her husband, looked to see if a train was approaching the crossing, and that she did not, on either occasion, see the approaching switch engine and train.

Case Cox testified that after they passed the brick structure and before they reached Seventh Street, and again, as they made the turn on Seventh Street, he requested Beckie Cox to look for an approaching train, and that she told him no train was approaching; that when he reached the turn at Seventh Street he slowed down and shifted into low gear and that as he made the turn at Seventh Street he looked both ways and saw no train approaching and that as he proceeded toward the crossing he looked again and saw no train approaching.

At Sayre, Oklahoma, on April 11, 1952, twilight began at 5:46 a. m. and the time of sunrise was 6:12 a. m.

The engineer of the switch engine testified that the train consisted of the engine and three cars; that prior to the accident he stopped the train near Ninth Street about 300 feet from the Seventh Street crossing and then proceeded in an easterly direction toward the Seventh Street crossing; that as he proceeded toward the crossing the headlight was lighted, the bell was ringing and he was sounding the whistle; that he was on the right side of the cab; that he gave four blasts of the whistle; that the train was proceeding at about ten miles per

hour; and that as they neared the crossing the fireman called out, "They are starting across," and that he let loose of the whistle cord and immediately applied the air brakes.

The fireman testified that he was on the left side of the engine cab and was keeping a lookout as the train approached the Seventh Street crossing; that he saw the Chevrolet truck after it passed the brick structure on Maple Street; that the switch engine was then about 125 feet west of the crossing; that the truck was traveling about 20 miles per hour and did not reduce its speed as it approached the crossing; that when the truck neared the crossing and he realized the driver was not going to stop he called out to the engineer, "Look out, there's a truck"; that the engineer let loose of the whistle cord and applied the brakes. His testimony and the testimony of another member of the train crew corroborated the testimony of the engineer.

The Railroad Company requested the court to give the following instruction:

"You are further instructed that as a general rule negligence, if any, on the part of the driver of an automobile approaching a railway crossing is not imputed and applicable in all its force to a passenger in the car, riding as such passenger, who has no right of control over the driver or the management of the car; but the question of whether or not such passenger was negligent and whether her negligence contributed to the collision and resulting injuries must be determined by you according to all the facts and circumstances as disclosed from the evidence; and if you find from the evidence that plaintiff Beckie Cox at any time when she was in a place of safety realized, or by the exercise of ordinary care and caution could have realized, that the automobile in which she was riding was being driven upon the railroad track in front of an oncoming train and that her safety was about to be imperiled, or that the driver of the automobile was not using due caution and care for the safety of himself and his passenger, then it became the duty of the plaintiff Beckie Cox in such case to warn the driver of the automobile of any impending danger, or to exercise such means to avoid injury to herself as an ordinarily prudent person would have exercised under similar or like circumstances to avert or avoid injury to herself. It was as much the duty of the said plaintiff Beckie Cox to look and listen for an approaching train before permitting herself to be placed on such railroad track as it was of the driver of the automobile, and if she failed to do so, and such failure on her part was a contributing cause to her injuries, then the plaintiff, Beckie Cox, cannot recover against the defendant in these actions."

The court refused to give the instruction and allowed an exception to such refusal.

The court instructed the jury, in part, as follows:

"A person who rides in a car or truck as a mere passenger does not owe a duty to keep a lookout for impending danger, but she does owe a duty to prevent, if possible, the driver from operating the automobile or truck in a dangerous and reckless manner, and she should take the precaution an ordinarily prudent man or woman would have taken for her own safety, under like conditions."

The requested instruction rejected by the court was substantially identical with an instruction given in Blew v. Chicago, R. I. & P. Ry. Co., 177 Okl. 553, 61 P.2d 258, 259. That was a crossing accident case brought for the alleged wrongful death of a passenger who was killed as the result of a collision at a railroad crossing, between a truck in which he was riding as a passenger and a train operated by the Railway Company. It was contended that it was er-

ror to charge the jury that "It was as much the duty of the plaintiff's decedent to look and listen for an approaching train before permitting himself to be placed on such railroad track as it was the driver of the truck * * *." The court held that the instruction, considered as a whole, was not erroneous.

Thrasher v. St. Louis & S. F. Ry. Co., 86 Okl. 88, 206 P. 212, 215, was an action for the wrongful death of a passenger, riding in the back seat of an automobile, who was killed as the result of a collision at a railroad crossing between the automobile and a train of the Railway Company. With respect to the duties of a passenger in an automobile approaching a railroad crossing, the court said:

"* * * A failure to look or listen for an approaching train, though such failure may contribute to the injury, cannot in all circumstances be regarded as negligence; whether such failure to look and listen is regarded as negligence must depend upon the circumstances of the particular case. For instance, if the use of her eyes and ears to the extent of her opportunity would have not prevented the collision, she was not guilty of contributory negligence, and again, if the circumstances were such as would have excused a person of ordinary prudence from looking or listening for an approaching train, she was not guilty of negligence, or, if the circumstances were such that a prudent person would not ordinarily look or listen for an approaching train, there is no negligence in omitting to look or listen."

In the instant case Beckie Cox knew that they were approaching a railroad crossing in the switching yards of the Railroad Company. The view of the railroad tracks was obstructed until they passed the brick structure. She was seated on the right-hand front seat of the truck, the side from which the train was approaching the crossing. A crucial issue in the case was the alleged contributory negligence of Beckie Cox. In returning a verdict against Case Cox the jury must have concluded that he failed to maintain a lookout for an approaching train and to observe ordinary care as he approached the crossing. Under the facts in the instant case, we think it was fundamental error to instruct the jury that a passenger in a truck approaching a known railroad crossing does not owe a duty to keep a lookout for impending danger.

The judgment is reversed and the cause remanded, with instructions to grant the Railroad Company a new trial.