## HARROD v. SANDERS.

No. 18580.   Opinion Filed June 4, 1929.

Twyford & Smith and W. A. Staley, for plaintiff in error.

C. W. Myers, J. D. Chastain, and Chas. H. Garnett, for defendant in error.

CULLISON, J.   This case comes to this court on appeal from the district court of Oklahoma county, Okla., wherein the defendant in error, plaintiff below, Will Sanders, sued the plaintiff in error, defendant below, J. Q. A. Harrod, for $3,000 actual damages and $3,000 punitive damages, for assault and battery, alleging that the defendant, in his law office in the Huckins Estate Building in Oklahoma City, on March 2, 1925, "unlaw-fully, violently, and maliciously assaulted plaintiff, struck him on the head with said revolver and with said revolver cut and bruised plaintiff's head, forehead, and left eye, permanently injuring said eye, and the sight thereof, and disfigured his forehead and face, without any cause whatsoever, by reason of which plaintiff has suffered and will continue to suffer great pain and mental worry, that the sight of plaintiff's eye has become permanently impaired; that the plaintiff could not thereafter perform his customary labor and that his earning capacity is reduced; that the injury is permanent and that the defendant invited plaintiff to his office for the purpose of injuring him and did so with malice aforethought and with evil intent to do him harm, bodily pain, and injury," etc.

The defendant, Harrod, answered the petition by way of general denial, and as further defense admitted that said altercation occurred, but denied that he, the defendant, was the agressor; alleging that the plaintiff, Sanders, was the aggressor in said altercation; and further pleaded that all of the acts done by defendant were done in protection of his person in order to repel the assault of the plaintiff.

The evidence, in so far as it is material and necessary to the disposition of this appeal, will be referred to hereinafter under the assignments of error.

At the close of the evidence, the court instructed the jury. and a verdict was returned for the plaintiff fixing his actual damages at $1,000 and punitive damages at $500.

Motion for new trial was duly filed by the defendant, setting out various grounds, and a supplemental motion for new trial setting up misconduct of the jury in that said jury did not visit the premises in accordance with the statute and in accordance with the order of the court in that one of the jurors did not accompany the other eleven jurors during their visit and view of the premises. Both motions were overruled by the trial court, and from this order overruling said motions, the defendant takes his appeal to this court.

The defendant makes the following assignments of error:

"(1)   The trial court erred in overruling the motion of plaintiff in error for a new trial on February 3, 1927.

"(2)   The trial court erred in overruling the supplemental motion for new trial of plaintiff in error on the ground of misconduct of and irregularity in the proceedings of

the trial, which motion was overruled on February 3, 1927.

"(3) The judgment of the trial court is contrary to law.

"(4) The judgment of the trial court is not sustained by sufficient evidence.

"(5) A new trial should have been granted on account of misconduct of counsel and misconduct of juror.

"(6) A new trial should have been granted because the verdict is excessive and appears to have been rendered under passion and prejudice."

The foregoing assignments, or propositions, as the defendant elects to term them in his brief, necessary to a proper adjudication of this appeal, will be considered hereinafter.

### Proposition 1.

"The failure of the jury to view the premises in a body and the separation of the jury, contrary to the statute (section 543, C. O. S. 1921), and the order of the trial court was such irregularity and misconduct as to result in a mistrial."

The record in this case shows that the trial court on proper application, and under the provisions of section 543, C. O. S. 1921, ordered the jury as a body, and in the custody of an officer of the court, to view the premises where the altercation occurred.

Section 543, C. O. S. 1921, reads as follows:

"View by Jury. Whenever, in the opinion of the court, it is proper for the jury to have a view of the property which is the subject of litigation, or of the place in which any material fact occurred, it may order them to be conducted, in a body, under the charge of an officer, to the place, which shall be shown to them by some person appointed by the court for that purpose. While the jury are thus absent, no person, other than the person so appointed, shall speak to them on any subject connected with the trial."

The defendant contends that only eleven jurors viewed the premises; that at the close of the trial a unanimous verdict was rendered against the defendant; that upon discovery of this alleged misconduct of the jury the defendant properly filed his supplemental motion for new trial and to vacate the verdict; that proof was offered, and the trial court found that the juror Pack did not view the premises with the other jurors, or separately and alone during the trial and before the verdict; that the trial court overruled the motion and denied the new trial, and that this constitutes reversible error.

The record discloses that the trial court made the following finding after hearing testimony on the supplemental motion for new trial and to vacate the verdict:

"That now, after having considered the facts alleged in the said motion and supplemental motion and having heard the evidence offered in respect of the facts alleged in the said supplemental motion, and having heard the argument of counsel in the matter and being fully advised in the premises, the court finds: That the facts alleged in said supplemental motion for new trial are true, and that the said juror, Claire Pack, did not, either in company with the other jurors and the court's bailiff or separately and alone, view the said law offices of the defendant and the premises where the same were situated at any time during the trial and before the verdict of the jury was returned, and further finds that said fact was not known to the defendant until on or about December 21, 1925." (C.-M. 361-362.)

"But this finding of fact the court bases solely and specifically upon the testimony of the said juror, Claire Pack, alone." (C.-M. 362.)

It has been held that:

"Where some of the jurors make an unauthorized view, the irregularity is not cured by direction of the court to the entire jury to make a view, and that, where the act of a juror was in direct disobedience to a ruling refusing to allow a view, no inquiry will be made as to whether or not prejudice to a party resulted, but the verdict will be set aside on the broad ground that the misconduct of the juror has a tendency to corrupt and cast suspicion on the administration of justice." 4 C. J. 954; Helme v. Kingston, 8 Kulp (Pa.) 221.

The corollary of this proposition—where the court on proper application, during the trial and before the case is submitted to the jury, orders the jury to view the premises "in a body," as provided by the statute (section 543, C. O. S. 1921), and where one of the jurors absents himself from the jury during such view—is likewise true, and the verdict should be set aside on the broad ground, if for no other reason, that the misconduct of the juror has a tendency to corrupt and cast suspicion on the administration of justice.

No adjudicated case on this particular question, in this jurisdiction, has been called to our attention in the briefs filed in this case, nor have we, after a very thorough examination of the cases, found any decision by this court on the question.

The holding in the case of Helme v. Kingston, above, we think, is founded upon com-

mon sense and sound reason, and is in harmony with the proper administration of justice and should be the rule in this state.

It is well settled that misconduct on the part of a jury presumptively vitiates the verdict. 16 R. C. L. 312.

"The jury being composed of twelve individuals, the misconduct of any juror, actual or implied, by which a fair and due consideration of the case may have been prevented, is misconduct of the jury, because the jury can only act as a unit, and the misconduct of one of the members cannot be eliminated, and therefore in such cases the action of the jury as a whole is invalid." Note, 134 A. S. R. 1034; 16 R. C. L. 312.

The question arises as to whether or not such misconduct on the part of the jury as in the instant case is or is not harmless error.

Section 2822, C. O. S. 1921, provides:

"Harmless Error. No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal * * * unless * * * after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

The right to a trial by a jury of twelve men is a constitutional right in this state, in both civil and criminal cases. Section 19, article 2, of the Constitution of Oklahoma provides:

"The right of trial by jury shall be and remain inviolate, and a jury for the trial of civil and criminal cases in courts of record, other than county courts, shall consist of twelve men. * * *"

Section 543, C. O. S. 1921, provides that a view may be taken by the jury of any place in which, in the opinion of the court, any material fact occurred, in a body and under custody of a proper officer, etc. Having granted an application for a view, it must be assumed that the trial court considered the viewing of the premises as material to the issues in the case.

The Kansas Supreme Court in considering section 543 of our statute, which was taken from the Kansas Statutes in 1893, and became a part of our statutory law, adopted the view that the result of a juror's observation on a view is evidence which in making up the verdict may be considered in connection with evidence regularly produced in court. Topeka v. Martineau, 42 Kan. 387, 22 Pac. 419; and see 38 Cyc. 1841, and cases cited thereunder.

It follows, then, that the taking of a view by a jury, as in the instant case, is a very material and regular part of a trial, and to proceed with a view with less than the legal number of jurors present is a substantial violation of a constitutional right, and a new trial should be granted.

"A jury of less than twelve is not a constitutional jury, and a denial of this number in a case triable by jury is an infringement of a constitutional right." 35 C. J. 232.

"The court has no right to excuse a juror during the trial on account of sickness and proceed with less than the legal number; and, although a juror was not excused, the verdict will be considered as a verdict of only eleven men if a juror was too sick to deliberate, or became insane before the verdict was rendered." 35 C. J. 234.

In Ridley v. State, 5 Okla. Cr. 522, 115 Pac. 628, the court held:

"It is the duty of courts to enforce a rigid and vigilant observance to the provisions of the statutes designed to preserve inviolate the right of trial by jury, and the purity of jury trials."

The finding of the trial court that one of the jurors was absent from the view was based upon the affidavit of that juror. Defendant in error contends that affidavits of jurors are inadmissible to impeach and overthrow their verdict, and we think this contention correct, with certain qualifications.

In M., O. & G. Ry. Co. v. Smith, 55 Okla. 12, 155 Pac. 233, this court held:

"The general rule is that affidavits of jurors are admissible to explain and uphold their verdict, but not to impeach and overthrow it. But this general rule is subject to this qualification: That affidavits of jurors may be received for the purpose of avoiding a verdict, to show any matter occurring during the trial, or in the jury room, which does not essentially inhere in the verdict itself, as that the jury considered and were influenced by specific evidence that had not been offered or admitted at the trial; but such evidence is not admissible to show any matter which essentially inheres in the verdict, as that the juror did not assent to the verdict, that he misunderstood the instructions, or any other matter resting alone in the juror's breast."

The instant case, we think, falls within the qualification to the general rule above stated, that the affidavit of the juror may be received for the purpose of showing matters occurring during the trial which do not essentially inhere in the verdict itself. We, therefore, conclude that this point is not well taken.

We are of the opinion that the failure of the jury to view the premises in a body, and the separation of the jury, contrary to the provisions of section 543, C. O. S. 1921, and the order of the trial court, was such irregularity and misconduct as to result in a mistrial, and the trial court committed reversible error in overruling the supplemental motion for new trial and to vacate the verdict, filed by defendant.

#### Second Proposition.

The disposition of this case on the grounds above mentioned renders it unnecessary to consider further assignments of error. However, we feel duty bound to consider the second proposition urged by plaintiff in error, which, alone, might justify a reversal of the case. The second proposition reads:

"The court erred in not granting a new trial on the ground of misconduct of attorneys for plaintiff in asking obviously incompetent questions, calculated to prejudice the defendant before the jury; and in following this up by offering to prove the affirmative of such incompetent questions, in the presence of the jury."

We cannot refrain from voicing our disapproval of the conduct of plaintiff's counsel in attempting to get before the jury incompetent evidence highly prejudicial to defendant, after repeated admonishments and ruilings of the trial court sustaining objections to the admission of such evidence.

J. Q. A. Harrod, the defendant in this action, having been called as a witness in his own behalf and first duly sworn, testified on direct examination. On cross-examination by plaintiff's counsel, the questions asked by plaintiff's counsel and comments thereon which form the basis of the above assignment of error follows (C.-M. 271):

"Q. You hit Grant Landon about the same way, didn't you? Mr. Snyder: To which we object, as incompetent, irrelevant, and immaterial, and not proper cross-examination. The Court: Sustained. Q. I will ask if you didn't strike Dr. Hottle in your office in the same way? Mr. Snyder: Objected to, as incompetent. irrelevant, and immaterial. The Court: Don't pursue that controversy any further. Mr. Myers: Note an exception. The Court: Exceptions a'lowed."

The defendant, Harrod, having announced that he rested his case in chief, the plaintiff proceeded with the introduction of testimony in his behalf in rebuttal, and the further questions asked by plaintiff's counsel and complained of by the defendant and which in part form the basis of the above assignment of error follow (C.-M. 275):

C. G. Landon, called as a witness by the plaintiff in rebuttal, and having been first duly sworn, testified as follows:

"Q. I will ask you if you were a member of the Council of Defense during the war? A. Yes, sir. Mr. Snyder: To which the defendant objects. as incompetent, irrelevant, and immaterial, not within the issues of this case, and not proper rebuttal. The Court: Overruled. Mr. Snyder: Exception. Q. I will ask you if Mr. Harrod (the defendant in this case) ever assaulted you with a gun during the war while you were a member of the Council of Defense, in trying to get a man named Matheney out of jail for selling whisky to the soldiers? Mr. Snyder: Objected to, as not proper rebuttal, and misconduct of counsel, in view of the fact of the previous ruling of the court, and I ask the court to again admonish counsel not to ask such questions. The Court: Is that all you want to prove by this witness? Mr. Myers: Yes, sir. We can prove various assaults going to show intent. The Court: The objection will be sustained, and exception allowed plaintiff."

It is an old and familiar rule of evidence that res inter alios acta are incompetent evidence.

"Evidence of transactions with which the party against whom it is offered is not connected is not admissible. Res inter alios acta have from early times been deemed incompetent evidence. * * * Again, the commission of an act charged against a person may not be proved by showing a like previous act to have been committed by the same person." 10 R. C. L. 937.

We are not unmindful of the exception to this rule, which is as well established as the rule itself, that "when the knowledge and intent of a party is a material fact, proof of matters apparently collateral is admissible in many cases, both civil and criminal." Dodge v. Thomas, 266 Ill. 76, 107 N. E. 261, Ann. Cas. 1915C, 1097; Perkins v. Prout, 47 N. H. 387, 93 Am. Dec. 449.

However, the trial court, by its rulings in sustaining objections to the introduction of the above evidence, recognized, as do we. that the evidence did not fall within the exception to the above general rule: that it was clearly incompetent, irrelevant, and immaterial; that knowledge and intent was not a material fact in issue in the trial of this case; that the excluded evidence could not raise any reasonable inference as to the principal fact in dispute.

The reason for the exclusion of such evidence is obvious: It "tends to draw away the minds of the jurors from the point at issue, and to excite prejudice, and mislead

them." Farris v. People, 129 Ill. 521, 21 N. E. 821, 16 A. S. R. 283, 4 L. R. A. 582.

That such evidence is incompetent is so well settled that we deem it unnecessary to discuss the question further.

In our opinion the efforts of plaintiff's counsel to inject into the case and bring before the jury such incompetent and prejudicial evidence against the rulings and admonishments of the trial court was highly improper, and such misconduct amounted to reversible error.

We quote with approval from Raefeldt v. Koenig (Wis.) 140 N. W. 56, wherein the court said:

"* * * When an attorney has obtained a ruling from the trial court in a form which fairly raises a question as to the admissibility of the evidence sought to be introduced, courtesy to the court should forbid a willful repetition of the effort, even though the evidence sought to be introduced is not clothed with innuendoes prejudicial to the other side. Much more should such effort cease when it is apparent that the offered evidence is ruled out because it is held to be immaterial irrelevant, and harmful. Efficient discharge of judicial duty also requires on the part of the trial judge prompt and emphatic disapproval of such conduct, with suitable admonition to the jury to disregard it, to the end that the real issues may be passed upon freed from irrelevant and prejudicial matter. Judgment reversed and cause remanded for further proceedings according to law."

Again, in Watson v. State, 7 Okla. Cr. 590, 124 Pac. 1101, the court said:

"In jury trials, incalculable harm is often done by counsel in asking known incompetent questions in the hearing of the jury and thereby forcing the adverse party to object to them also in the hearing of the jury, which manifests a fear of the incompetent questions, and gives emphasis to the harmful matter they are supposed to contain.

"The repeated asking of incompetent questions which clearly have for their purpose the intimation of something to the jury which is not true, or not capable of being proved if true, is wrong, and such conduct of counsel is not cured because the court sustains objections of counsel to the questions.

"Mild rebukes of counsel guilty of prejudicial conduct, and continual efforts to override the rulings of the court and the plain principles of law in endeavoring to get incompetent evidence before the jury, cannot be held to cure the injury resulting from such prejudicial action."

It is unnecessary for us to set out in more detail wherein the misconduct of the plaintiff's counsel in trying to bring before the jury evidence prejudicial to defendant, after having obtained a ruling from the trial court excluding the same, is ground for new trial; the law is clear; the questions asked speak for themselves. This court cannot approve of such conduct, and under the authorities cited above, we hold that the conduct complained of in this assignment of error constitutes reversible error.

In accordance with our views of the law above expressed, we hold that the cause must be reversed and remanded, with directions to proceed in accordance with the views herein expressed, and we do not pass upon the sufficiency of the evidence to sustain the verdict.

HUNT, HEFNER, SWINDALL, and ANDREWS, JJ., concur.

CLARK, J., dissents.

LESTER, V. C. J., not participating.

MASON, C. J., and RILEY, J., absent.

Note.—See under (1) 16 R. C. L. pp. 312, 313; 5 R. C. L. Supp. p. 878; 7 R. C. L. Supp. 530. (2) 26 R. C. L. p. 1022; 3 R. C. L. Supp. p. 1488; 5 R. C. L. Supp. p. 1435. See "Appeal and Error," 4 C. J. §2939, p. 959, n. 84.