### LAMBERT v. HARRIS.

No. 28026. Oct. 4, 1938.

Rehearing Denied Nov. 1, 1938.

I. L. Cook, Rowe Cook, and MacDonald & MacDonald, for plaintiff in error.

W. E. Utterback, R. T. Stinson, and Priscilla W. Utterback, for defendant in error.

GIBSON, J. The recent case of Erie Railroad Co. v. Harry J. Tompkins, 304 U. S. 64, 58 S. Ct. 817, 82 L. Ed. 1188, by the Supreme Court is cited as authority to induce this court to overrule decisions of nearly two score years' standing, which during said lapse of time have been followed with practical unanimity, holding to the rule that the verdict of a jury cannot be impeached by

affidavits of the jurors which seek to explain it, or to show the grounds upon which it was rendered.

This rule was recently applied by this court in the case of Rice v. Emerson, 181 Okla. 51, 72 P.2d 498. There we said:

"It is well-settled law in this state that a juror will not be permitted to impeach his verdict by affidavit or by testimony. This rule has been consistently followed throughout the entire history of this state and territory."

There, as here, the affidavit was made by a juror who did not concur in the verdict. Several cases were cited in support of the rule applied. In them can be found other citations.

In the case of Dillard v. Star Drilling Machine Co., 180 Okla. 14, 66 P.2d 928, we said:

"'* * * There is a long and unbroken line of cases to the effect that, upon grounds of public policy, jurors will not be heard by affidavit, deposition, or other sworn statement to impeach or explain their verdict, or show on what grounds it was rendered, or that they made a mistake, or misunderstood the law or the result of their finding, or to show what items entered into the verdict, or how they arrived at the amount. Jurors will only be heard in support of their verdict or conduct when same is attempted to be impeached.'

"Later cases adhering to the rule are:

"Teeters v. Frost et al., 145 Okla. 273, 292 P. 356 (71 A. L. R. 179) holding: 'In this state no rule of law or procedure is more definitely settled than that a juror will not be permitted to impeach his verdict by affidavits or by testimony, for misconduct occurring either inside or outside of the jury room.'"

From this case and others which might be cited, it is apparent that this court has been assailed, as in the present case, to return to the doctrine as expressed by Justice Brewer in Mattox v. United States, 146 U. S. 140, 13 S. Ct. 50, 36 L. Ed. 917.

If we should conclude that our prior decisions are wrong, we might follow the example of the Supreme Federal Court and overrule them. But such action would not be merely because the federal court had seen fit to overrule a longstanding line of cases; it would be because we had become convinced that the principles of the previous cases were unsound. Here, however, we find no good reason to overthrow what has become a fixed rule based upon what has always appeared to be a sound public policy.

Since this is the only point presented, and we have been shown no sound reason to depart from the rule in this case, it follows that the judgment is affirmed.

OSBORN, C. J., and RILEY, PHELPS, and DAVISON, JJ., concur.