## WOLFF v. OKLAHOMA RAILWAY CO.

No. 28554. Feb. 21, 1939.

Billups & Billups, for plaintiff in error.

Hayes, Richardson, Shartel, Gilliland & Jordan, for defendant in error.

BAYLESS, C. J. Gus Wolff sued Oklahoma Railway Company, a corporation, in the district court of Oklahoma county, for damages sustained as the result of injuries received by him in a collision between his automobile and the company's bus. The verdict of the jury was for the company.

Wolff filed a motion for new trial and one of his grounds was the misconduct of the jury consisting of unauthorized view of the scene by some of the jurors. The motion was supported by an affidavit of the attorney for Wolff, based on information and belief. A hearing was had at which it was shown, over the objections of the company, by the testimony of some of the jurors that they visited the scene of the accident during a recess of their deliberations. These visits were not concerted, nor were they known until after the jury had returned its verdict and had been discharged. Some of the jurors visited the scene by design, others as a result of routine travel. The court denied the motion and Wolff appeals.

The company insists that the action of the trial judge is correct, and cites Lambert v. Harris, 183 Okla. 612, 84 P.2d 41, and the earlier decisions of this court to the same effect. The rule therein stated is:

"A juror will not be permitted, by affidavit or testimony, to impeach the verdict for misconduct occurring either inside or outside the jury room."

We believe this is the proper rule, and it is one which has existed in this jurisdiction for years. In Lambert v. Harris, supra, we were expressly and strenuously urged to renounce the rule, and we declined. The attorneys who filed briefs in that case cited all of the earlier decisions of this court from which they could derive any comfort, but it appeared that none of them then occupied a status that called for it to be overruled, or even differentiated from those cases mentioned in our opinion therein.

However, there is an earlier Oklahoma case substantially in keeping with the contention of Lambert, in that case, and Wolff, in this case, which was not called to our attention in the Lambert Case. It is called to our attention by Wolff and is urged by him as being entirely in line with his contention. That case is Harrod v. Sanders, 137 Okla. 231, 278 P. 1102.

The ground for new trial therein was misconduct of a juror outside of the jury room. The trial court, in compliance with a request under section 361, O. S. 1931, 12 Okla. St. Ann. sec. 579, directed the jury to view the scene of the accident. One juror separated himself from the jury, and did not view the scene of the accident. This was discovered after the jury's verdict had been received and the jury discharged. This was established solely and specifically upon the testimony of the juror, alone. The proposition advanced was discussed from three aspects, but great if not paramont importance was attached to the

law relating to the misconduct of an unauthorized view by a juror, the precise issue made here. The law relating to unauthorized views was treated therein as being entirely analogous to a failure to view. See 16 R. C. L. 312, 20 R. C. L. 260, sec. 43, and R. C. L. Suppl. to these citations.

In those jurisdictions where such misconduct is permitted to be shown by the affidavit or testimony of the juror, the basis for treating an unauthorized view by a juror, or the failure of a juror to view although the others do so by permission or direction, as presumptively prejudicial is the fact that it results in the jury as a unit deliberating upon unequal evidence. Of course, the whole design of jury trials is to have each juror equally conversant with the facts, and the whole design of appeals is to enable the parties to have full knowledge of all of the records and facts that were considered by the jury in arriving at its verdict. Upon this basis it is not possible, in our opinion, to differentiate between failure to view or an unauthorized view. Therefore, it is obvious that there is an apparent conflict in our decisions.

Since we have so recently reviewed this rule, and determined to adhere to the rule that such misconduct cannot be shown by the affidavit or testimony of the juror or jurors, we see no reason now for changing. Therefore, Harrod v. Sanders, 137 Okla. 231, 278 P. 1102, is expressly overruled in so far as it conflicts with this opinion or Lambert v. Harris, supra, and cases cited in it.

It follows that the evidence of the jurors was not competent, and should have been rejected. The judgment of the trial court denying the motion for new trial upon such evidence is affirmed.

Affirmed.

WELCH, V. C. J., and RILEY, OSBORN, CORN, GIBSON, HURST, and DAVISON, JJ., concur. DANNER, J., absent.