H. A. MARR GROC. CO. et al. v. JONES.

No. 33919.    Feb. 27, 1951.

*228 P. 2d 388.*

Pierce, Rucker, Mock, Tabor & Duncan and Clayton B. Pierce, Oklahoma City, for plaintiffs in error.

Wise & Ivester, Sayre, and Donald Royse, Elk City, for defendant in error.

WELCH, J. Action was for damages for personal injuries of plaintiff arising from automobile collision, and judgment was for the plaintiff, and the defendants have appealed.

The defendants present argument for reversal under two propositions:

"Instruction No. 18 given by the Court to the jury was practically peremptory and was unwarranted under the facts.

"The verdict being a 'quotient' verdict, a new trial should have been granted."

In the court's instruction No. 18 the jury was advised as follows:

"You are instructed that if you find and believe from a fair preponderance of the evidence, facts and circumstances in this case that on or about the 4th day of November, 1946, plaintiff was riding in an automobile being driven by her husband East on Highway '66' that she was at the time exercising due care and caution for her own safety; that the automobile in which plaintiff was riding had entered a street intersection in Elk City, when a semi-trailer truck belonging to the defendant, H. A. Marr Grocery Company, being driven North by its employee, the defendant, Albert Johnson Hallman, collided with the automobile in which plaintiff was riding; that the defendant Albert Johnson Hallman failed to keep his semi-trailer truck under proper control, or was driving at a high and dangerous rate of speed, or failed to keep a proper lookout for other vehicles or failed to stop at a stop sign, or entered the intersection after the automobile in which plaintiff was riding had entered; that defendant

Albert Johnson Hallman was thereby guilty of negligence; that such negligent acts was the proximate cause of the collision and that plaintiff was thereby injured and damaged as alleged in her petition, then you should return a verdict in favor of the plaintiff and against the defendants and each of them.

"If you do not so find and believe from a fair preponderance of the evidence, facts and circumstances in this case, then you should return a verdict in favor of the defendants, and each of them."

The defendants contend the instruction as given had the effect of advising the jury that if the defendant truck driver failed to stop at a stop sign, such failure was negligence, and that since the defendants' truck admittedly did not stop at a stop sign at the intersection, the effect of the instruction was to advise the jury to return a verdict for the plaintiff.

Attention is directed to testimony of the defendant truck driver that at the time of his approach to and entry into the intersection, the presence of the stop sign was unknown to him and that he did not see the stop sign because of the presence of a parked truck beside the sign and obscuring it from his view. This in contention that he was not guilty of want of ordinary care in entering the intersection without stopping, insofar as the stop sign was concerned.

In their brief the defendants set forth a re-arrangement of words as appear in the instruction as a basis of an assertion that in the challenged instruction, by using the words "such negligence" the court characterized, failing to stop at a stop sign, as negligence. It is asserted that the action of the court in so characterizing the failure to stop as negligence was erroneous; that the question as to whether it was or was not negligence under the circumstances should have been submitted to the jury.

In a reading of instruction No. 18 and the various clauses therein, in the order as set forth therein, it would be made to appear that the jury was advised, "that if you find . . . from a fair preponderance of the evidence . . . that the defendant . . . failed to stop at a stop sign (and) that defendant was thereby guilty of negligence (and) that such negligent act was the proximate cause of the collision (and) that plaintiff was thereby injured and damaged, then you should return verdict in favor of the plaintiff. If you do not so find, then you should return a verdict for defendants." From a consideration of the language of instruction No. 18, as a whole, and in connection with all instructions given, it would appear that the effect of instruction No. 18 was to advise the jury that upon finding that defendant failed to stop at a stop sign it must then find whether or not "defendant was thereby guilty of negligence" in arriving at a verdict.

In other numbered instructions given by the court, the jury was advised, "that the highway sign referred to in the evidence in this case is a warning or cautionary sign and the fact that it was there does not change the duties imposed by law on each of the drivers involved in this accident," and "that it is the duty of every person using a public highway to exercise ordinary care at all times to avoid placing himself or others in danger and to avoid collision." The instructions given also contain proper definitions of the terms, "Negligence," "Ordinary Care," and "Proximate Cause."

In A. & A. Cab Operating Co. v. Mooneyham, 193 Okla. 238, 142 P. 2d 974, in the second paragraph of the syllabus, a well-settled rule is stated:

"While an instruction standing alone may be subject to criticism, if the instructions in their entirety fairly submit the issues to the jury, the giving of such instruction is not reversible error where the jury is not shown to have been misled thereby."

Instruction No. 18 did not in itself contain a statement of the test of negligence, but submitted the question of

whether a particular act was negligence and the instructions in their entirety fairly submitted the issue of whether or not the defendants were in the exercise of ordinary care in the circumstances of entry into the intersection.

We find no error to the prejudice of the defendants in the giving of instruction No. 18, or in the instructions in their entirety, as to constitute just cause for reversal of the judgment.

After verdict and judgment and on motion for new trial, the defendants presented affidavits of certain persons who had served as jurors in the trial of the case.

The affidavits recite that the separate jurors each wrote a figure on a slip of paper as representing his view of what the plaintiff was entitled to recover, and that the twelve separate figures or amounts were added together and the sum total divided by 12, and it was this result that became the announced verdict of the jury; that the jurors had agreed to abide by the result so obtained.

On this showing of the affidavit of the jurors, the defendants contend the trial court committed error in refusing to grant a new trial.

Defendants cite Salter v. Larison, 99 Okla. 245, 226 P. 585, and quote from the syllabus as follows:

"A verdict will not be set aside merely because the amount thereof was the result of a compromise between jurors, nor because the amount was first found by adding together the amounts the several jurors thought should be given and dividing the sum by six, if there was no agreement in advance to return a verdict for the quotient so found. Where the jurors agree in advance to be bound by a quotient so determined, or where the consent of any juror to a verdict is determined by any resort to chance a new trial must be granted. Oklahoma, K. & M. Ry. Co. v. McGhee, 84 Okla. 116, 202 P. 277."

Examination of the cited cases reflects that the exact subject matter as mentioned in the last sentence of the syllabus, supra, was not presented. In the McGhee case, in a paragraph of the syllabus preceding that as above set out, it is said:

"Upon grounds of public policy, jurors will not be heard by affidavit, deposition, or other sworn statements to impeach or explain their verdict, or show on what grounds it was rendered . . . . Jurors will only be heard in support of their verdict or conduct when same is attempted to be impeached."

The seeming conflict in the rules as announced in the syllabus in that case is not explained. It is noted that in the body of the opinion a host of cases from this and other jurisdictions are cited as supporting the proposition that the affidavits of jurors are inadmissible for the purpose of impeachment of verdict.

In 53 Am. Jur., Trial, §1030, it is stated:

"It is well settled that a verdict rendered in a civil action in pursuance of an agreement by the jurors to accept one twelfth of the aggregate amount of their several estimates of the measure of damages, without the assent of their judgment to such a sum as their verdict, is invalid, and new trials frequently are granted when the verdict of the jury is shown to have been reached in this manner. Even though the amount of the verdict is not exactly the quotient sum, the verdict will be invalid if it is the result of the quotient process and grows out of it. It is not necessary, to establish the invalidity of a verdict as being a quotient verdict, that every member of the jury have been a party to the agreement; it is sufficient if the greater number so agreed."

In the same text, section 1107, it is stated:

"The rule generally followed in this country is that a juror's affidavit is not admissible to prove that the jury determined by chance what verdict they would return, or to show that their

verdict was found and returned in pursuance of an agreement in advance to be bound by a quotient verdict; and since the affidavit of a juror, voluntarily given, is not permissible for the purpose of impeaching a verdict, the trial court should not inquire of a jury as to the method used in obtaining the verdict. The same public policy prevails in either instance. . . . In some jurisdictions, however, the statutes make the testimony or affidavit of a juror competent proof of the fact that a verdict was obtained through a quotient process or that it was determined by chance."

In Teeters v. Frost et ux., 145 Okla. 273, 292 P. 356, it is said in the syllabus:

"In this state no rule of law or procedure is more definitely settled than that a juror will not be permitted to impeach his verdict, by affidavit or by testimony, for misconduct occurring either inside or outside of the jury room."

In some of the states the question as it concerns public policy is resolved in statutes which make the testimony or affidavit of a juror competent proof of the fact that a verdict was obtained through a quotient process, but no such statute has been enacted in this state.

In Wolff v. Oklahoma Railway Co., 184 Okla. 374, 87 P. 2d 671, in syllabus it was held:

"A juror will not be permitted, by affidavit or testimony, to impeach the verdict for misconduct occurring either inside or outside the jury room.

"The case of Harrod v. Sanders, 137 Okla. 231, 278 P. 1102, in so far as it holds that the testimony or affidavit of a juror is competent evidence to impeach the verdict of the jury for misconduct outside or inside the jury room, is expressly overruled."

In the Wolff case we reviewed the rule as is set forth in the first paragraph of the syllabus and as announced in earlier cases, and therein pronounced a continued adherence. The rule is based on what is termed sound public policy and through the years the Legislature has not seen fit to repeal or modify it. We here reaffirm the rule and in application to the instant case hold: That the affidavits of the jurors were not competent and were properly rejected by the trial court.

The judgment is affirmed.