## WILSON v. OKLAHOMA RY. CO.

No. 34505.   Oct. 7, 1952.

*248 P. 2d 1014.*

W. F. Smith, Oklahoma City, for plaintiff in error.

Richardson, Shartel & Cochran and F. M. Dudley, Oklahoma City, for defendant in error.

WELCH, J.   This action was instituted by Floyd Wilson, a minor, by and through Felix Wilson, his father and next friend, against the Oklahoma Railway Company, a corporation, to recover damages for personal injuries which plaintiff alleges he received in a collision between one of defendant's buses and a motorcycle on which plaintiff was riding as a passenger.

Plaintiff alleged, in substance, that on a certain date and time he was riding as a passenger on a motorcycle behind one P. E. Turner, who was operating the same in a northerly direction on South Robinson avenue, a north-south street in Oklahoma City; that as they moved on Robinson avenue and toward an intersection with Southwest 28th street, an east-west street, and

at a point about half-way between Southwest 29th street and Southwest 28th street, and as they started around a bus owned by the defendant, which bus was also proceeding north, and while the motorcycle was alongside the left front corner of the bus, and before either vehicle had reached the south line of the 28th street intersection, the bus driver turned the bus to his left and caused the bus to strike the motorcycle on which the plaintiff was riding, with a result that the plaintiff was seriously injured. Plaintiff alleged that the defendant, through its bus driver, was careless and negligent, and was the direct and proximate cause of the collision and plaintiff's injuries, in that defendant failed to look before turning the bus; that defendant failed to give any signal of intention to make a left turn of the bus, this in violation of a certain ordinance of the city; and that defendant made a sharp left turn across the center line of the roadway and not to the right of the center of an intersection, this in violation of a certain ordinance of the city.

The defendant, in pleading, denied all the allegations of negligence mentioned in the plaintiff's petition, and averred that plaintiff was guilty of contributory negligence. The defendant alleged, in substance, that immediately prior to and at the time of the collision the driver of the motorcycle on which plaintiff was riding was operating the vehicle in an undertaking to overtake and pass the defendant's bus, and in such undertaking the motorcycle was driven to the left side of the roadway when approaching within fifty feet of the intersection and also in the intersection of Robinson and Southwest 28th streets, this in violation of a certain ordinance of the city, and that at such times the motorcycle was being operated at a speed in excess of the 30 mile per hour limit as prescribed by a certain ordinance of the city; that at all such times the bus was in a proper place and in plain view, and that plaintiff failed and neglected to take reasonable precaution to avoid being injured; that he failed to warn or remonstrate with the driver of the motorcycle in regard to his violations of said ordinances and his manner of operating the motorcycle; that plaintiff in such neglect contributed to the accident and his resulting injuries.

Plaintiff and other witnesses called by the plaintiff gave testimony to the effect that the bus and the motorcycle were driven and operated, in the manner and with the results, as is generally stated in the plaintiff's petition.

According to other testimony, the bus was at all times kept and driven to the right of the center line of Robinson avenue as it proceeded northerly on Robinson, and toward the intersection of Robinson and Southwest 28th street; that so driven, the bus proceeded into the intersection, and after it had passed the center line of Southwest 28th street, it was turned to the left and across the center line of Robinson street at a point north of the center line of Southwest 28th street; that in this area of the intersection the motorcycle struck the bus. It was shown in the testimony that the bus in the approach to the intersection proceeded at a speed of 10 to 15 miles per hour, and in the intersection proceeded at a speed of 7 to 8 miles per hour; that at a time when the bus was in about the middle of the block of the approach to the intersection, a mechanical arm was raised on the side of the bus as was a proper signal of intention to make a left turn, and that such signal was continually exhibited to the time when the collision occurred. It was shown that the motorcycle on which the plaintiff was a passenger was driven northerly on Robinson street on the left side of the roadway and at a speed of 30 to 35 miles per hour, and that it so entered the intersection where it continued at such speed and to the left of the center line of Robinson street to a point to the north of the center line of Southwest 28th street, where it encountered the bus; that the crash guard on the side of the motor-

cycle struck the left end of the front bumper guard of the bus.

The various city ordinances mentioned and set forth in the pleadings of the parties were introduced in evidence by stipulation of the parties. It was shown that plaintiff, a passenger on the motorcycle, at no time gave any warning or remonstrated with the driver of the motorcycle concerning a signal exhibited from the bus, or of the presence of the bus, or of the manner of the operation of the motorcycle.

The jury returned a verdict in favor of the defendant. From the judgment entered in accord with the verdict, the plaintiff has appealed.

The plaintiff contends the trial court erred in giving an instruction on contributory negligence for the reason there was no evidence introduced upon which an instruction concerning contributory negligence could be based.

It has been repeatedly held that a passenger or guest in or on a moving vehicle must use ordinary care for his own safety, and when the exercise of such care requires that he call the attention of the driver of the vehicle to approaching danger, he must do so or be open to the charge of contributory negligence. Stillwater Milling Co. v. Templin, 182 Okla. 309, 77 P. 2d 732, and Haynie v. Olson Drilling Co. et al., 189 Okla. 527, 118 P. 2d 230.

Herein, on consideration of all the circumstances in proof, there is presented a fact question as to whether the motorcycle on which plaintiff was riding was being operated in a negligent manner in approaching the intersection and the defendant's bus, and as constituted a very real danger of collision, and as to whether such negligent operation and consequent danger was apparent to the plaintiff or should have been apparent to the plaintiff in the exercise of ordinary care for his own safety. With an affirmative finding as to these questions it was in the province of the jury to determine whether or not the plaintiff in a proper regard to his own safety was chargeable with a duty to remonstrate with the driver as to his manner of operation of the vehicle, and to call the attention of the driver to the approaching danger. It is admitted that the plaintiff gave no warning of approaching danger, nor made remonstrance with the driver of the motorcycle in regard to the manner of its operation.

We find that the evidence and pleadings call for an instruction on contributory negligence.

The plaintiff contends that certain instructions given by the trial court were in direct conflict with other instructions given to the jury.

Attention is directed to instruction 12 wherein the court instructed the jury that the negligence, if any, of the driver of the motorcycle on which plaintiff was riding cannot be imputed to the plaintiff, under the evidence in this case.

Attention is directed to that part of instruction 14 which reads as follows:

"You are instructed that should you find from a preponderance of the evidence that the driver of defendant's bus was guilty of any of the negligence alleged in plaintiff's petition which was the direct and proximate cause of the injuries to the plaintiff; then your verdict should be for the plaintiff; unless you should find that the plaintiff was guilty of contributory negligence which, combining and concurring with the negligence of defendant, proximately caused the accident and resulting injuries complained of; or that the driver of the motorcycle was guilty of negligence which was the proximate cause of said accident and injuries; or that the accident was an unavoidable accident as defined in these instructions, in any of which latter events your verdict should be for the defendant. * * *"

The plaintiff suggests that the above provisions in effect contain a charge to the jury that in any event that the driver of the motorcycle is found guilty of negligence, the plaintiff cannot pre-

vail; that in effect the above provisions contain an instruction that the negligence of the motorcycle driver is imputable to the plaintiff, contrary to instruction 12, supra, and of such an effect as could defeat the plaintiff's claim against the defendant, though the defendant's bus driver was guilty of negligence and the plaintiff free of negligence.

The further provisions of instruction 14 are as follows:

"You are further instructed that if you find that the driver of the motorcycle was negligent and the driver of defendant's bus was also negligent, and that the negligence of the driver of the motorcycle, combining and concurring with the negligence of defendant's driver, was the direct and proximate cause of the accident and resulting injuries to plaintiff and that plaintiff himself was not guilty of contributory negligence as defined herein, then the defendant would be liable to plaintiff in this case, and this is true regardless of the fact that you might believe that the driver of the motorcycle was guilty of greater negligence than the driver of defendant's bus. Negligence in this respect is not a comparative matter."

It is axiomatic that instructions of a court should be considered as a whole and in their entirety, and no particular paragraph or part thereof should be singled out and given an interpretation which some other paragraph or part thereof shows was not intended to be placed upon it. Blew v. Chicago, R. I. & P. Ry. Co. et al., 177 Okla. 553, 61 P. 2d 258, and cases cited therein.

Upon a consideration of instruction 14 as a whole and in its entirety, we find no basis for an interpretation as urged by the plaintiff, nor find any inconsistency or conflict with the other instructions as given by the court.

Plaintiff complains that the jurors were not properly instructed concerning the weight to be given the testimony of a certain witness called by the defendant.

The witness, in question, testified to statements of certain persons made in the trial of another case; said statements appear contrary to the statements made by these same persons about the same subject matter while testifying in the instant case.

A proper predicate had been laid for the purpose of impeachment and it was proper to show that the certain witnesses had made statements in another hearing, contrary to what they had testified in the instant trial. Kuykendall v. Lambert et al., 68 Okla. 258, 173 P. 657. No objection was made to the impeaching testimony other than the general objection that it was hearsay as to the plaintiff and prejudicial to the plaintiff. No request was made by the plaintiff to limit the effect of the testimony to purposes of impeachment.

In Brownell v. Moorehead, 65 Okla. 218, 165 P. 408, it was held:

"The general admission of evidence competent for purposes of impeachment, but otherwise incompetent, will not be held to be prejudicial error, where no request was made to limit the effect of the testimony to purposes of impeachment."

In Atchison, T. & S. F. Ry. Co. v. Baker, 37 Okla. 48, 130 P. 577, and in Adamson v. Allende, Adm'r, 178 Okla. 464, 62 P. 2d 1229, it was held:

"Where evidence incompetent in chief is erroneously admitted, but later the same evidence becomes competent for the purpose of contradicting the witness, and is properly admitted for that purpose, it would have been the duty of the court, upon request so to do, to have limited the effect of the evidence within its proper scope; but if no such request is made, nor is the court's attention called to this phase of the matter, it will be considered as waived."

In the Adamson case, supra, it was aptly said:

"* * * Under the law of this state, the failure of the trial court to limit the consideration of the evidence to a particular purpose when it is properly cognizable for only one purpose, does

not constitute reversible error, unless an instruction restricting the consideration of the evidence is requested by the complaining party and rejected by the trial court. * * *"

Herein, the plaintiff, not having requested an instruction to the jury in regard to the impeaching testimony, he has no cause to complain of the court's failure to give such an instruction.

As a proposition of error, the plaintiff complains of the failure of the trial court to prevent the inspection, exhibition and display to the jury of· a document, assertedly, inadmissible in evidence.

The record reflects that the document in question was admitted in evidence by the court after the withdrawal of an objection thereto by the plaintiff and after a request by the plaintiff that it be admitted in evidence. Under these circumstances the plaintiff is without grounds to claim prejudicial error in the fact that the exhibit was inspected by the jury.

At the hearing held on the plaintiff's motion for a new trial there was testimony presented of an effect to show that during the trial proceeding, and at a time after the jury had retired to consider its verdict, and upon a request by the jury, the deposition of a witness was sent to the jury room.

The plaintiff contends that the trial court committed reversible error in allowing the deposition to be taken to the jury room.

Argument is addressed to an asserted violation of statute. There is no suggestions of any resulting injury.

12 O.S. 1951 §582 provides:

"After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony, or if they desire to be informed as to any part of the law arising in the case, they may request the officer to conduct them to the court, where the information on the point of law shall be given in writing, and the court may give its recollections as to the testimony on the point in dispute, or cause the same to be read by the stenographer in the prescence of, or after notice to, the parties or their counsel."

Undoubtedly, the word "testimony," as used in the statute, includes testimony given by deposition. The statute provides a procedure and method whereby a jury, after beginning its deliberations, may be refreshed as to particular testimony about which a disagreement between them has arisen, and about which they have requested information. The failure of a court to abide the statute and not follow the prescribed method in supplying information requested by a jury is error, but it does not necessarily follow that in every instance such is reversible error.

We are enjoined by statute to disregard an error in proceedings which does not affect the substantial rights of the adverse party and to not reverse a judgment by reason of such an error. 12 O.S. 1951 §78. New trial should not be granted for an error which has not resulted in injury.

Herein, the jury's request for the deposition presented a clear inference that there was a disagreement between them as to the testimony given in the deposition and about which they desired information.

Under §582, supra, upon the disagreement of the jury as to the testimony contained in the deposition, the jury was entitled to have the deposition re-read or its substance stated by the court. A declared purpose of the statute is that the jury be further informed where there is disagreement between them as to the testimony. We do not apprehend that a failure of the court to abide the method prescribed for the giving of such information could affect the substantial rights of the parties to the action unless wrongful information be given, or if, by the manner of the giving of the information, undue prom-

inence is given to the testimony on the point in dispute.

Herein, there is no contention that the jury was put into possession of evidence excluded on the trial. The record does not reflect that the deposition contained any matter except as had been read on trial and as was admissible and of proper consideration by the jury. In the circumstance of the jury's request for the deposition, it cannot be said that the act of the court in allowing the jury to have possession of the deposition lent any special prominence to the testimony therein. In short, the record does not reflect that the plaintiff suffered any injury from the failure of the court to abide the strict letter of the statute.

Under the circumstances herein the act of the court in allowing the deposition to be taken to the jury room was harmless error.

The plaintiff contends that new trial should have been granted by reason of the misconduct of the jurors during trial in taking an unauthorized view of the scene of the accident.

Proof of the asserted misconduct rests entirely on an affidavit and the testimony of certain jurors. Such proof cannot be accepted.

Abiding on the principle of sound public policy, it has become the settled rule in this jurisdiction that a juror will not be permitted by affidavit or testimony to impeach the verdict for misconduct occurring either inside or outside the jury room. Dillard v. Star Drilling Machine Co., 180 Okla. 14, 66 P. 2d 928; Lambert v. Harris, 183 Okla. 612, 84 P. 2d 41, and Wolff v. Oklahoma Railway Co., 184 Okla. 374, 87 P. 2d 671.

Following the trial of the instant case the trial judge died. The plaintiff's motion for new trial was presented to the successor of the trial judge.

The plaintiff urges that new trial should have been granted for the reason that the successor of the trial judge was not cognizant of the facts and circumstances of the trial.

There is no question of the general authority and jurisdiction of a district judge to hear and determine a motion of new trial, timely filed, although it is addressed to a trial proceeding and judgment had and entered during the tenure of his predecessor in office. I. T. I. O. Co. v. Bell, 173 Okla. 46, 46 P. 2d 481, and Trumbla v. State ex rel. Com'rs of the Land Office, 191 Okla. 119, 126 P. 2d 1015.

The statute, 12 O.S. 1951, §651, which authorizes and commands that new trial be granted for such causes as are therein set forth, contemplates that the applicant for new trial shall present the facts and circumstances of the trial upon which the applicant bases a claim of right to new trial. It follows the plaintiff, movant for new trial herein, is without cause to complain merely that the court, on the hearing of his motion for new trial, was not more fully advised as to the facts and circumstances of the trial.

We have found no error of law occurring at the trial, nor any irregularity in the proceedings by which the plaintiff was prevented from having a fair trial.

The judgment is affirmed.

HALLEY, V.C.J., and CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.