MERRELL v. CITY OF STILLWATER.

No. 34657.   Oct. 28, 1952.

*249 P. 2d 715.*

Leon J. York and Paul J. Myrick, Stillwater, for plaintiff in error.

James M. Springer, Jr., City Atty., Stillwater, for defendant in error.

PER CURIAM. Nelson Merrell, here the plaintiff in error, instituted an action in the lower court against the city of Stillwater, Oklahoma, for damages to property alleged to have been caused by the negligence of the city.

The plaintiff below will be referred to as the plaintiff and the defendant in error will be hereinafter called the city.

The amended petition of the plaintiff substantially alleged that he owned two apartment houses with the basements completed for and occupied by college students as living quarters, which were at stated times flooded with water and raw sewerage from a sanitary sewer owned by the city, and that the resulting damage to the walls, furniture and floors, and the loss of his tenants, was caused by the negligent construction, maintenance and operation of the said sewer by the city and, as a result thereof, sought to recover actual damages in the sum of $1,200, and contended that unless the city eliminated the conditions complained of that the two basements would be rendered unfit for human habitation and that he would be entitled to recover future damages in the sum of $15,000.

The answer of the city consisted of a general denial and the affirmative defense that the sewer in question was properly constructed and was in all respects adequate.

The court instructed the jury that under the pleadings and the evidence the plaintiff could not recover for anticipated damages and limited his recovery to actual damages accruing subsequent to February of 1947, in an amount not to exceed $1,200. This instruction was excepted to by the plaintiff and is assigned as error, but is not briefed and is consequently waived or abandoned and the effect of the instruction is final and it is not here an issue. Roff Oil & Cotton Co. v. King, 46 Okla. 31, 148 P. 90.

The trial court, upon the request of the city and in keeping with the provisions of 12 O.S. 1951 §579, ordered the jurors to view the premises and the jury subsequently returned a verdict in behalf of the city.

The plaintiff urges that this cause should be reversed because the jury viewed one basement and failed to enter or inspect the other, and we agree. The misconduct of the jury in this respect was included in the motion for a new trial and was supported by affidavits in compliance with the provisions of 12 O.S. 1951 §654. The contents of the affidavits were not refuted or denied by the city. The motion for a new trial was overruled, and this appeal results.

The question, though novel, is not new to this court and has been here in the past in varied forms. Harrod v. Sanders, 137 Okla. 231, 278 P. 1102; Wolff v. Oklahoma Ry. Co., 184 Okla. 374, 87 P. 2d 671. In Harrod v. Sanders, supra, which was an action to recover damages for an assault, the trial court instructed the jury to view the offices of the defendant Harrod. One of the jurors became separated from the others and actually only 11 members of the jury inspected or viewed the premises. The trial resulted in a unanimous verdict for the plaintiff. We reversed the cause and granted a new trial, and held that the failure of the jury to view the premises in a body was such misconduct that the rights of the defendants were presumed to be prejudiced. This rule of law has not been changed. It is true that in Wolff v. Oklahoma Ry. Co., supra, we overruled Harrod v. Sanders, supra, to the extent that the misconduct of the jury could not be established by a juror, and thus reconciled the decision with the settled law of the state. In the instant case all proof of the conduct of the jury was made by testimony of witnesses other than jurors.

We perceive no legal distinction in the view of the Harrod office by less than 12 of the jurors, and the failure of the entire jury in this case to inspect the premises in toto. Wolff v. Oklahoma Ry. Co., supra.

The provision of 12 O. S. 1951 §579, governing the view of property in dispute, is as follows:

"Whenever, in the opinion of the court, it is proper for the jury to have a view of the property which is the sub-

ject of litigation, or of the place in which any material fact occurred, it may order them to be conducted, in a body, under the charge of an officer, to the place, which shall be shown to them by some person appointed by the court for that purpose.* * *"

When the trial court invoked the above statute and ordered the jury to view the premises, it became its mandatory duty to examine each basement which was alleged to have been damaged by the negligent acts of the city. The jury had no right to inspect a portion of the premises to the exclusion of the other, and its conduct in so doing violated the legal rights of the plaintiff. The orderly administration of justice demands that a jury scrupulously observe and follow the instructions of the court. To hold otherwise would be tantamount to condoning the act of a jury in ignoring any given instruction of a trial court. Suppose in this case that the jury, after being ordered by the court to view the premises, had failed to examine any part of the property. Could it be argued that such disregard of the court's instruction would be countenanced or that a new trial should not be granted? We think not. It logically follows that the trial court erred in overruling the motion of the plaintiff for a new trial.

Reversed and remanded to the lower court, with instructions to grant the plaintiff a new trial.

This court acknowledges the services of Attorneys Joe H. Reily, Leonard Carey, and Roscoe C. Arrington, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.