**Eula CONDO, D. R. Condo and Daniel Condo, Plaintiffs in Error,**

**v.**

**Bertha BEAL, Defendant in Error.**

**No. 40894.**

Supreme Court of Oklahoma.

Jan. 31, 1967.

J. F. Hudson, Stigler, Green & Green, Sallisaw, for plaintiffs in error.

Stipe, Gossett & Stipe, McAlester, for defendant in error.

JACKSON, Chief Justice.

This is an appeal from judgment for plaintiff and order overruling defendants' motion for new trial in an action for damages brought by plaintiff, Bertha Beal, against defendants, Eula Condo, D. R. Condo and Daniel Condo. In two causes of action, plaintiff sued for damages for loss of earning capacity, physical and mental suffering, medical expenses and property damages in the total amount of $62,326.40. Judgment was for plaintiff in the amount of $2840.31.

Three vehicles were involved in the accident which led to this damage suit. Eula Condo was driving west on Highway No. 9 near Stigler, Oklahoma. Behind her, and driving in the same direction, was the plaintiff, Mrs. Beal. Approaching from the opposite direction (driving east) was a vehicle driven by Daniel Condo, the nephew of Eula Condo. Daniel Condo had been doing some work (hay bailing) for the third defendant, D R. Condo, husband of Eula Condo. The two Condo vehicles stopped, or were stopping, so Eula Condo could tell Daniel Condo that there would be no hay baling that afternoon. There was evidence from which the jury could have found that Eula Condo stopped suddenly with no signal, with her car entirely on the strip of blacktop paving, and that Daniel Condo's truck stopped partially on the paving, which was only 22 feet wide at that point. Mrs. Beal testified she put on her brakes, saw she might slide into the rear of Eula Condo's vehicle, swerved to the left, passed between the two vehicles, hit a guard post south of the roadway and went down an embankment and into a tree. Mrs. Beal further testified that there was only about "an inch and a half on either side" as she passed between the Condo

vehicles. Another witness testified that there was "barely room for a car to go through there".

D. R. Condo was sued on the theory that his wife, Eula Condo, was his agent, servant or employee for the purpose of delivering the message to Daniel Condo.

At the close of plaintiff's case in chief, defendants demurred to the evidence. At the close of all the evidence they demurred again and made a motion for directed verdict upon general grounds, and, as to defendant D. R. Condo, upon the special ground that there was no evidence that Eula Condo was acting as the agent, servant or employee of D. R. Condo.

█ On appeal, defendants argue first that there was no evidence that Eula Condo was the agent of D. R. Condo in delivering the message to Daniel Condo, and that the trial court therefore erred in overruling the demurrer at the close of all the evidence as to D. R. Condo.

On this point, it is conceded by all parties that Mrs. Condo's actual purpose in stopping was to tell Daniel Condo that there would be no hay baling that afternoon, and that she did deliver the message. The gist of defendant's argument is that there was no competent evidence that D. R. Condo *directed* her to deliver such a message.

On direct examination, Mrs. Beal, the plaintiff, testified that immediately after the accident Mrs. Condo told her that " * * she stopped to tell Dan that Ray (D. R. Condo) told her to tell Dan they wasn't going to bale no hay that afternoon and she stopped to tell him". Defendants argue that this is the only evidence in the record on the agency question, and seek the benefit of the general rule that the fact of agency may not be proved by the admissions of the agent. However, there was other evidence on this question. Mrs. Beal testified that after she left the hospital, D. R. Condo came to see her " * * * and he said 'It was my wife's fault' and said—he said that she was working for me at that time and he said 'I will see you get paid for this dam-

age' ". On cross-examination, D. R. Condo testified as follows on this question:

"Q. I believe you told your wife to tell them there wasn't any hay?

"A. I didn't tell her to tell them there wasn't any hay. I told her there wasn't any hay.

"Q. Did you expect her to see Dan?

"A. I thought she might see Dan on the way over here.

"Q. That's why you told her that?

"A. She knew there wasn't any hay anyhow.

"Q. That's why you told her there wasn't any hay—you thought she might see Dan and tell him, is that right?

"A. Well—yes."

We hold that the court did not err in overruling D. R. Condo's demurrer raising the agency question.

Defendants' second proposition is that the court erred in overruling their general demurrer at the close of all the evidence. In their discussion, defendants attempt to show that, chiefly upon the basis of the testimony of the investigating highway patrolman, there was at least 15½ feet between the two Condo vehicles, which was ample room through which the Beal vehicle could have passed without any loss of control. However, the record shows that both Condo vehicles had been moved before the officer arrived an hour after the accident, and that his only knowledge of the locations of the Condo vehicles at the time of the accident consisted of what the respective drivers told him. As we have seen, there was evidence that the Condo vehicles were much less than 15½ feet apart and that Eula Condo's vehicle stopped suddenly and without warning.

The only authority cited under this proposition is Mote v. Hilyard, Okl., 358 P.2d 844. That case is similar to this one only in that the accident involved three vehicles, two of which had stopped so the drivers could engage in conversation. A third car, driven by Mote, crashed into one

of the stopped cars, driven by Hilyard. In affirming the trial court's order sustaining Hilyard's demurrer to the evidence under Mote's petition for damages, this court noted that "Under the most favorable interpretation" to Mote, there was at least thirteen feet between the stopped vehicles, and that it was undisputed that Mote saw the stopped vehicles while he was still 1400 feet away. The conclusion was that no proximate cause was shown, and that the trial court did not err in sustaining the demurrer. Of course the facts are different in the case now before us.

 In an action of legal cognizance a demurrer to plaintiff's evidence or motion for directed verdict should be overruled unless there is an entire absence of proof tending to show a right to recover; and, in passing upon a demurrer to the evidence or motion for directed verdict should be overruled unless there is an entire absence of proof tending to show a right to recover; and, in passing upon a demurrer to the evidence or motion for directed verdict, the trial court must consider true all of the evidence favorable to the party against whom the demurrer or motion is directed together with all inferences that may be reasonably drawn therefrom and disregard all conflicting evidence favorable to the demurrant or movant. Andrews v. Aday, Okl., 380 P.2d 271. We hold that the court did not err in overruling defendants' demurrer.

█ The third proposition is that the trial court erred in striking defendants' supplemental motion for new trial upon the grounds of newly discovered evidence. The motion was supported by an affidavit of one of the jurors in which he attempted to impeach the verdict by asserting that discussions about insurance in the jury room influenced a sufficient number of jurors to make possible the verdict for plaintiff. It is well settled that a juror will not be permitted to impeach the verdict by affidavit or testimony for misconduct occurring inside the jury room. Lambert v. Harris, 183 Okl. 612, 84 P.2d 41. It is not

argued that any party injected the subject of insurance into the case, and our careful examination of .the record reveals no reference to the subject. No authority is cited in the brief in support of this proposition, and we hold that the trial court did not err in striking the motion.

In their last proposition, defendants argue that the court committed reversible error in giving Instruction No. 17, as follows:

"You are instructed that if you find from a preponderance of the evidence that the defendants, or either of them, were guilty of negligence, as alleged in plaintiff's petition, and that said negligence was either the sole proximate cause of the collision and resulting injuries to plaintiff, or that such negligence commingled and concurred with the negligence on the part of the driver of the other car involved in the collision to be the proximate cause of the collision and resulting injuries to said plaintiff, then and in that event your verdict should be for the plaintiff.

"On the other hand, if you fail to so find, or if you find that the accident was occasioned solely by reason of the negligence of the plaintiff, or that plaintiff was guilty of negligence which caused or contributed to the accident and resulting injuries, then and in that event you should return a verdict for the defendants. * * *"

It is argued that the first paragraph of this instruction authorizes a verdict against all defendants upon a finding of negligence on the part of only one.

█ At the outset, it may be conceded that this instruction might have been more precisely drawn, and that, if no other related instructions had been given, a reversal might be required. However, it is well settled that no single instruction need contain all the law to be considered and that when the instructions taken as a whole fairly submit the issues to the jury, the judgment of the trial court on the verdict will not be disturbed. City of Holdenville v. Moore, Okl., 293 P.2d 363.

In Instruction No. 12, the jury was advised in considerable detail as to the theory upon which D. R. Condo was sued, and that unless a verdict against Eula Condo were rendered, there could be no verdict against D. R. Condo, her alleged principal. They were further advised that if they did find Eula Condo liable, they must also find that at the time of the accident she was acting as the agent, servant or employee of D. R. Condo, within the scope of her authority, before they could return a verdict against D. R. Condo.

In Instruction No. 13, the jury were told:

"You are further instructed that in reaching your verdict you may find against either of the defendants, Eula E. Condo, D. R. Condo and Daniel Condo, or you may find against the defendants jointly. In other words, you may find for the plaintiff, if, under the law and the evidence in this case, you do so find for the plaintiff, you may give such amount against either one of the defendants separately, not to exceed in any event the amount sued for, and let the other defendants go without judgment being rendered against them."

From our examination of the instructions as a whole we are unable to conclude that the jurors were misled by the giving of Instruction No. 17, supra. For a case in which we considered substantially the same problem, with the parties reversed, see Ellis v. Race, Okl., 398 P.2d 805.

Defendants also argue that the second paragraph of Instruction No. 17, quoted above, was not a sufficient instruction upon contributory negligence. It is conceded that contributory negligence was mentioned in two other instructions, and that in Instruction No. 2, the court gave the jury a proper definition of "Contributory negligence, as that term is used in these instructions". The gist of defendants' argument is that the precise phrase "contributory negligence" was not "used again in these instructions", and specifically was not used in the second paragraph of Instruction No. 17. This argument of necessity requires the assumption that the jurors were incapable of equating the phrase "contributory negligence" in Instruction No. 2, with the phrase "negligence which * * * contributed to the accident * * *" in Instruction No. 17. It appears to us that persons of ordinary intelligence would know that the reference in Instruction No. 17 was to the defense of contributory negligence, and we do not believe the jury was misled on this point, or that the defendants were prejudiced. See Indian Territory Illuminating Oil Co. v. Adams, 179 Okl. 129, 64 P.2d 706.

The judgment of the trial court is affirmed.

IRWIN, V. C. J., and WILLIAMS, BLACKBIRD, BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.